THE PEOPLE
v.
SINGER.

*A writ of certiorari amended by inserting the test day.*

---

### THE PEOPLE *against* I. SINGER.
### THE SAME *against* I. SINGER and H. SINGER.

E. BARNES, moved to set aside the *attachment* in the first cause, with the *recognizance* taken therein, and on which the last suit had been commenced, with all subsequent proceedings, for *irregularity*. The *attachment* was originally returnable in *October term last, at the Academy in the town of Utica.* *I. Singer*, the defendant, not being found by the Deputy Sheriff, who held the *attachment*, until after the return day, he altered the test to *October term*, and the return to *January term last, at the Capitol in the city of Albany*, which he had been instructed to do by the plaintiff's attorney. On the altered writ he arrested *I. Singer*, who, with *H. Singer*, as bail, thereupon entered into a recognizance to appear at the return day thereof. At the last *January* term, *I. Singer* made default in appearing, and the recognizance was, on motion, *estreated*, and the last cause was instituted for enforcing it.

*The test and return of a writ, issued and delivered to the Sheriff cannot be altered so as to make it returnable at a subsequent term.*

*Barnes*, cited *Filkins* v. *Brockway*, (19 *John. Rep.* 170,) where it is decided that a seal cannot be thus used a second time. That having been once used it is *functus officio ;* and cannot, as here, be good for an *alias attachment*.

*Collins*, contra, relied on the case of *Sloan* v. *Wattles*, (13 *John. Rep.* 158,) as a case in point, against the application.

NEW-YORK,
May, 1823.

PALMER
v.
HUTCHINS.

The *Court* granted the motion ; holding the rule laid down in *Filkins* v. *Brockway*, as applicable to this case. But they required the defendant, *I. Singer*, to stipulate, not to bring an action of false imprisonment.

Rule accordingly.(*b*)

(*b*) In *Ross* v. *Luther, Sheriff*, &c.: (*May term*, 1820,) which was an action of debt for an escape, it appeared the *capias* had been before issued and put into the hands of the Coroner, but was not served. The plaintiff's attorney took it back, and afterwards altered the test and return, and issued it again, when it was served on the defendant. An application was made to *this Court* to set aside the writ for irregularity ; but the Court held the proceeding regular, and refused the motion.