*174 Opinion of the Court, delivered by
Horstblower, C. J.
Two questions only, were raised on the argument of this cause: First, when, under the facts in this case, was this suit commenced ? And secondly, Is a defendant, who attempts to set-off against the plaintiff’s demand, an indorsed note, bound to show, in the first instance, that he was the owner of the note, at or before the commencement of the suit? The arguments, on both sides, (and with great propriety, in my opinion) proceeded upon the admission, that if the defendant acquired his title, to the note in question, after this suit had been commenced, he could not avail himself of it, by way of set-off, Eland v. Karr, et al. 1 East R. 375-7. That question came directly before the Supreme Court of New York, in the case of Carpenter v. Butterfield, 3 Johns. Cases 145, in which, the English decisions up to that period, were viewed by Thompson, Radeliff, and Kent, Justices: and their judgment, though not authority in this court, was based upon such reason and good sense, as, I think must be satisfactory to every lawyer. Nor was it denied on the argument, but that the evidence in the case fully warranted the jury, in finding that the note came into the hands of the defendant, after the commencement of the suit, unless, as contended by the defendant’s counsel, the suit was not actually commenced, until an appearance was given to the summons. Hence, it becomes unnecessary,' to express any opinion, on the second question raised on the argument, viz: Whether it is incumbent on a defendant who seeks to set off a note indorsed to him, to prove in the first instance, that he was such indorsee of the note, at the' time the suit was commenced: otherwise than by producing the note, regularly indorsed, and the indorsement superscribed, with an order to pay the contents to him. Upon that point therefore, I give no opinion; but shall proceed to consider the only question material for the determination of this case, viz: When, in judgment of law, upon the facts proved on the trial, was this suit commenced ?
I think the rule was correctly laid down at the Circuit: that when a writ is issued out of the office of the clerk, or of the attorney, acting, as is usually the practice, in this state, (at least permissively) as the agent or deputy of the clerk, in good faith, *175 for the purpose of being served or proceeded on, and that purpose is not afterwards abandoned, it is, for all material purposes, (he actual commencement, of the suit. In Carpenter v. Butterfield, 3 Johns. Cases, 145, already cited, the officer went to the house of the defendant, for the purpose of arresting him, and found the door shut: the defendant, who knew he had the writ, told the sheriff, he would not suffer himself to be arrested, until he could procure a certain note, to be indorsed to him, which he intended to purchase, as a set-off against the plaintiff’s demand. The defendant afterwards got the note, and then submitted to an arrest and gave bail. On the trial, this set-off was rejected : and on a rule to show cause, the court sustained the decision, and held, that the suing out of the writ in that ease, was the commencement of the action. In Lowry v. Lawrence, 1 Caines’ R. 69, this decision was recognized and sanctioned. In Bronson et al. v. Earle, 17 Johns. R. 63, it was held that a delivery of the writ, against the sheriff, for an escape, to the wife of the coroner, at his house, he being absent, while the prisoner was off the limits, was such a commencement of the suit, as to make the sheriff liable, although the writ was not served on him, until after the prisoner had returned to the gaol liberties. In Burdick v. Green, 18 Johns. R. 14, it was held, that the issuing of the writ, is the commencement of the action, in all cases where time is material, so as to save the statute of limitations ; and that it is not necessary to show that it was actually delivered to the sheriff, but sufficient if made out and sent to the officer, by mail or otherwise, with a bona fide intention of having it served.
It is true, in the case now before us, the writ was not delivered or sent to the officer; but that was done with it, which was more civil to the defendant, and more effectually apprised him that a suit had been commenced. The writ and the evidence of the plaintiff’s demand, were both shown to him, and he was distinctly informed of the plaintiff’s intention to proceed in the action. In fact the writ was on its way to the sheriff, by the hands of the attorney, and would have been delivered to him, if the defendant had not stipulated to do that which was equivalent to a service of it by the sheriff.
The defendant’s counsel, however contends, that a suit is not commenced until an appearance is signed, or until the writ has *176 been actually served by the proper officer: and the case of Jencks v. Phelps, cited by him from 4 Conn. R. 149, is certainly to that effect. But upon looking into that case, it will be seen that the rule is founded on the peculiar practice of that state, and that the court do not attempt to sustain the doctrine upon the common law practice of the courts in England. . I do not know what may be the practical operation of such a rule in Connecticut ; but with us, it seems to me, the effect of it would be to put it in the power of a defendant to determine when a suit shall be considered as commenced against him. Besides, the doctrine contended for, by the defendant’s counsel, would effectually prevent attorneys from exercising any courtesies to defendants ; and compel them, for the protection of their clients, against unexpected set-offs, to put every writ in the hands of the sheriff, at once. If the note in question, was procured by the defendant, for the purpose of being set-off, after he had promised to give an appearance upon the writ, it was a fraud on the plaintiff’s attorney, and a poor return for the comity, he had exercised towards the defendant.
Upon the whole, I am of opinion, the rule to show cause, ought to be discharged, with costs; and that the opinion of this court, to that effect, should be certified to the Circuit Court, for the county of Essex, pursuant to the statute.

Rule-discharged, and certificate to Circuit Court, to that effect.

Cited in Updike v. Ten Broeck, 3 Vr. 108 — 122.