GEORGE McCRACKEN v. JOSEPH N. RICHARDSON.

The failure of the sheriff to serve a summons before the original return-day, and a subsequent alteration by him, extending the time of return, after the action was barred by the statute of limitations, will not defeat the suit if the defendant has appeared and pleaded, without objection, and the writ was tested and delivered to the sheriff before the statute became a bar.

---

On rule to show cause why new trial should not be granted.

Argued at November Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, J. H. McCracken and Mahlon Pitney.

For the defendant, W. L. Hetfield and C. A. Marsh.

The opinion of the court was delivered by

SCUDDER, J.    An action of *assumpsit* was brought by the plaintiff against the defendant as third endorser on two promissory notes—one for $345, dated May 10th, 1875, payable in nine months; the other for $151, dated May 21st, 1875, payable in nine months. These notes became due respectively on February 12th and February 24th, 1876. Suit was begun by summons tested February 10th, 1882, returnable February 21st, 1882. Service on the defendant was not made until March 1st, 1882, after the return-day had been changed by the deputy sheriff to March 7th, 1882. This change was made after February 25th, according to the evidence of the defendant, who testifies that on that day he saw the writ and told the officer that he objected to service because the return-

·day was passed, and that the claim was then barred by the statute of limitations. The declaration was filed in time, the defendant pleaded the general issue and the statute of limitations, to which the plaintiff replied and joined issue. The defence relied on at the trial was that the writ was altered ·after the return-day, when, it was argued, it was spent and annulled, and that the only effect that could be given to the alteration was that it was the issuing and sealing of a new writ of the date of the alteration, March 1st, after the claim was barred by the statute of limitations. The alteration was made without the knowledge or express authority of the plaintiff or his attorney.

The court overruled this defence, and directed the jury to find a verdict for the plaintiff for the amount of both notes, with interest from the time they became due. To this the defendant's attorney excepted, and the question of the legality of this ruling is raised on· the rule to show cause why a new trial should not be granted.

It is evident from this statement that the summons was issued by the plaintiff's attorney before the action was barred by the statute, and that it bore date of the day on which it was issued, according to section 43 of the Practice act. *Rev., p.* 855. It was given immediately to the sheriff for service, but that officer, by neglect or for his own convenience, delayed the service. The plaintiff and his attorney had no intention at any time to abandon the writ, and supposed that their right was secured by due service before the first return-day, until after the alteration and service of the changed summons had been made. In *Updike* v. *Ten Broeck*, 3 *Vroom* 105, it was held that the making and sealing of a summons by the plaintiff's attorney, in good faith, for the purpose of having it served, was the commencement of the suit, although it was not delivered to the officer before the time when the action would be barred by the statute. It is not necessary that the writ should be issued, served and returned before the statute becomes a bar. The making of the writ is the assertion of the plaintiff's right of recovery, and its object is to bring the defendant into court to

answer the claim made upon him. If he appear, on its return, without objection, the writ has effected its object. His appearance may be made by a formal entry, or, as is more usual, by pleading to the declaration. After the pleas have been filed, the defendant is confined to the defence raised by his pleadings. As he has made no case on his plea to the merits, the only escape from liability that is left him is the alleged bar of the statute, and this must arise from the delay in service, and the alteration of the writ by its continuance to a later day. The fallacy of the position of the defendant is that he treats the summons delivered to the sheriff for service with the *test* still unchanged, as a nullity, because not served before the first-named return-day, and insists that the legal effect of the alteration by the deputy sheriff was the issue of a new writ which should be considered as tested as of March 1st, when the change was made. He cites for this, *State* v. *Kennedy*, 3 *Harr.* 22, and *State* v. *Commissioners, &c., of New Brunswick*, 8 *Vroom* 394. Both are cases of *certiorari*, and hold that this writ is void if not served on or before the return-day. Writs of error and of execution are in like situation, and subject to this rule. But the practice in our courts has long been to regard the test of a writ of summons prepared by the attorney for service as the beginning of the action, leaving the return to the attorney or sheriff to be reasonably continued by alteration, and extended as may suit their convenience for service. *Kloepping* v. *Stellmacher*, 7 *Vroom* 176; *Whitaker* v. *Turnbull*, 3 *Harr.* 172.

The cases cited in Kloepping v. Stellmacher show that alterations in the return of the summons are not limited to those writs that are said to be alive—that is, before the return-day has come. In *Sloan* v. *Wattles*, 13 *Johns.* 158, it is said the sheriff served the writ, and was about taking bond for appearance, when he discovered that the return-day was passed; he then altered the return-day, and served the writ anew. This was held to be regular. Ross v. Luther, cited in the note to *People* v. *Singer*, 1 *Cow.* 41, and *Sullivan* v. *Alexander*, 18 *Johns.* 3, appear to be like cases. It would be a surprise and

loss to parties if a change were made in this practice without some legislation or notice given by rule of court to those who might be affected by it. Any abuse of the summons by too long continuance or otherwise, may be checked by the general power of the court over its process, but where, according to the usual practice, a party has sued out his writ in time to save the operation of the statute, with intent to prosecute his action in good faith, the action should not be barred because of the act of the sheriff in enlarging the time of return for a few days, merely for his own convenience of service. This certainly should not be done where the defendant, by his appearance and pleading without objection, has waived any irregularity in the summons and service. Our practice has been more liberal than in some other courts, and according to it the summons is not annulled by the sheriff's change of the time of the return of the writ, as in this case.

The rule to show cause will be discharged.