MARGARET COUNTY, ADMINISTRATRIX OF DENNIS COUNTY, DECEASED, DEFENDANT IN ERROR, v. THE PACIFIC COAST BORAX COMPANY ET AL.; PLAINTIFFS IN ERROR.

Submitted July 8, 1902—Decided November 17, 1902.

1. Within the meaning of the proviso in the act giving actions for damages resulting from death caused by wrongful act, neglect or default, limiting such actions to those commenced within twelve calendar months after the death, an action is commenced when process, duly tested and issued, is put in the hands of the sheriff for the purpose of being served.

2. A plea that the action was not commenced within the limited time will not be established by proof that the process was returnable or served after the expiration of the limited time, or that, after such expiration, the return day in such process had been altered by the sheriff before service.

On error to the Supreme Court. The opinion of that court is printed in 38 *Vroom* 48.

For the plaintiffs in error, *Bedle, Edwards & Lawrence.*

For the defendant in error, *Thomas F. Noonan.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment of the Supreme Court brought up by this writ was entered upon a special verdict. A reversal of the judgment is sought on the sole ground that the Supreme Court erroneously concluded that the facts found by the special verdict were insufficient to establish a bar to the action set up by one of the pleas of defendant, and consequently judgment was entered for plaintiff.

The record shows an action by Margaret County, administratrix of Dennis County, deceased, to recover damages for the death of the intestate, who was her husband. Defendant pleaded that the action of the administratrix had not been commenced within twelve calendar months after the death

of the intestate, and was therefore barred by the terms of the Death act.

The special verdict is set out in the statement prefacing the opinion of Mr. Justice Garrison in the Supreme Court, reported in 38 *Vroom* 48, and need not be here repeated in full. It is sufficient to say that the facts found upon the single contested point in this argument were that the deceased died December 15th, 1899; that administratrix's attorney delivered to the sheriff of Hudson county, on December 14th, 1900, the summons in the action, duly signed and sealed, tested December 12th, and returnable December 26th, 1900; that defendant was a corporation of another state, and the attorney did not know at the time of such delivery upon whom the summons could be served, and instructed the sheriff to serve it when advised, and informed the sheriff that he would instruct him later upon whom to make service; and that the instruction was given January 4th, 1901, as soon as the attorney ascertained on whom service could be made; and that the sheriff, on January 8th, 1901, changed the return day of the summons to January 15th, 1901, and duly served it.

The legal rule applicable was declared in the Supreme Court to be that an action was commenced, within the meaning of this legislation, when process duly tested and issued was put in the hands of the sheriff for the purpose of being served. We think that the rule thus declared was properly deduced from the line of cases in that court touching the commencement of actions claimed to be barred by the statute of limitations. The principle established in those cases is equally applicable to the statutory limitation imposed upon actions given by the Death act, and we approve of the conclusions arrived at below and the reasoning upon which it rests.

But the special verdict discloses a fact not mentioned in the court below, which it is deemed necessary to consider.

The summons in the action, when delivered to the sheriff, was returnable on December 26th, 1900. The plaintiff's attorney did not discover on whom it could be served until January 4th, 1901, when he gave instructions to the sheriff.

That officer, on January 8th following, served the summons, having changed the return day to January 15th, 1901. The alteration of the summons was therefore made after the expiration of the twelve calendar months from the death of defendant's intestate.

In 1884 an identical case was considered and decided in the Supreme Court. It was an action upon promissory notes. The summons was tested and issued and also returnable before the action was barred by the statute of limitations. It was not served until after the period of limitation had passed, and, when served, it had been altered by the sheriff, without the knowledge or express authority of the plaintiff or his attorney, by changing the return day. The Supreme Court held that, as the summons had been tested and delivered to the sheriff before the action was barred, the plea of the statute was not supported by proof of the alteration of the return day, even if such alteration was made after the period of limitation fixed thereby had expired. The practice of making such alterations by the attorney or by the sheriff was recognized. *McCracken* v. *Richardson,* 17 *Vroom* 50. This construction of the statute, and this application of it to the practice held to be established in such cases, has remained unchallenged for over eighteen years. It has not been changed by legislation or by rule of court, and it ought not to be declared against on review, unless it is clearly wrong. As we deem the construction of these statutes to be admissible, and the practice not necessarily objectionable, we think the contention on this point cannot prevail.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, DIXON, FORT, GARRETSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM. 11.

*For reversal*—None.