### CATHERINE LAPSLEY, ADMINISTRATRIX, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY.

Submitted July 5, 1907—Decided March 2, 1908.

1. The provision in the "Death act" that every action brought under its authority shall be commenced within twelve calendar months after the death occurs operates as a limitation of the liability of the wrong-doer as well as of the remedy.
2. When a statute gives a remedy under particular circumstances, the party seeking such remedy must, in his pleading, allege all the facts necessary to bring him within the statute.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiff, *Patrick J. Dolan.*

For the defendant, *Hobart Tuttle.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This action is brought by the plaintiff to recover the pecuniary loss sustained by the widow and next of kin of her decedent, James Lapsley, by his death, which is averred in the declaration to have been caused by the wrongful act and neglect of the defendant company.

The sole ground of demurrer relied upon by the defendant is that the declaration fails to aver that the present action was commenced within twelve calendar months after the death of the plaintiff's decedent, as required by the second section of the act of March 3d, 1848, which provides for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default.    *Gen. Stat., p.* 1188.    The statute referred to, after setting forth what shall create liability, and who shall bring the action, contains a proviso which declares that every action brought under its authority shall be commenced within twelve calendar months after the death occurs.    In the case of *County, Administratrix,* v. *Pacific, &c., Co.,* 38 *Vroom* 48, Mr. Justice Garrison, discussing this proviso, says: "This special limitation is so closely related to the statutory remedy given as to be a part of it.    It is created solely with the object of qualifying the right of action.    The remedy is given subject to the limitation."    To the same effect is the following declaration of Chief Justice Waite, in the case of *The Steamer Harrisburg,* 119 *U. S.* 199: "The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone.    It is a condition attached to the right to sue at all."    This is the generally accepted view of the effect of the limitation, as will appear by a reference to *Tiff. Death Wr. Act,* § 121, and cases cited.

Considering the proviso as a limitation of liability, it follows that the declaration, in order to disclose a cause of

action, must set out such facts as will negative the existence of such limitation. When a statute gives a remedy under particular circumstances, the party seeking such remedy should, in his pleading, allege all the facts necessary to bring him within the statute. *Drowne* v. *Stimpson, 2 Mass.* 441. In order to entitle her to a recovery the plaintiff must show at the trial, not only that the death of the person, on account of which she sues, was caused by the wrongful act, neglect or default of the defendant, but also that it occurred within twelve calendar months of the bringing of her action, and it is a cardinal rule of pleading that where any fact is necessary to be proved on the trial in order to sustain the plaintiff's right of recovery the declaration must contain an averment of such fact in order to let in such proof. *United States Bank* v. *Smith,* 11 *Wheat.* 171.

The defendant is entitled to judgment on the demurrer.