FRANCES E. SEITTER, ADMINISTRATRIX, v. WEST JERSEY
AND SEASHORE RAILROAD COMPANY.

Argued November 4, 1909—Decided February 21, 1910.

In an action under the Death act the declaration must aver in so
　many words that the action was commenced within twenty-four
　calendar months after the death of the decedent; it is not enough
　to lay a time under a *videlicet* which is necessarily within two
　years of the beginning of the action.

---

On demurrer to declaration.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff, *Herbert C. Bartlett.*

*Bourgeois & Sooy* submitted a brief.

The opinion of the court was delivered by

SWAYZE, J.　The only point which we find it necessary to consider is that the declaration fails to aver that the action was commenced within twenty-four calendar months after the death of the decedent. *Pamph. L.* 1907, *p.* 386. Such a defect is fatal. *Lapsley, Adm'x,* v. *Public Service Corporation,*

46 *Vroom* 266. In fact, the declaration does not in so many words make the necessary averment. It sets forth, under a *videlicet,* the date on which the defendant was in the possession, management and control of the railroad on which the decedent was killed, and avers that he was struck and killed "on the day and year aforesaid;" this date is within two years. The fact that the date is laid under a *videlicet* does not prevent the defendant from traversing it if it is material. 1 *Chit. Pl.* 611. But we see nothing in the statute which makes the precise time material; all that is material is that the action shall be begun within twenty-four calendar months after the death. It is obvious that it would result in an immaterial issue if the defendant should deny that the death occurred on June 27th, 1909, for proof that it occurred on January 1st, 1909, would justify the action. We think therefore that the plaintiff has failed to aver in such a way that the defendant can traverse the material fact as to the time; it should be averred in so many words that the action was commenced within twenty-four calendar months after the death. This defect exists in both counts and the defendant is entitled to judgment.

It is probable that the plaintiff will wish to amend her declaration, and it may be well to call attention to the fact that the first count avers that the defendant "suffered and permitted the trains to be propelled across the highway without proper signals and warnings." This does not amount to an averment that the defendant itself controlled or ran the trains. Obviously, mere sufferance or permission, if the negligence was that of some other person, would not render the defendant liable. The case in that respect resembles *State* v. *Fox,* 41 *Vroom* 353.