CARL BRETTHAUER, ADMINISTRATOR, DEFENDANT IN ERROR, v. BARNETT JACOBSON ET AL., PLAINTIFFS IN ERROR.

Submitted December 3, 1909—Decided March 2, 1910.

1. The suing out of a writ of error to review an adjudication overruling a demurrer to a declaration and granting leave to the demurrant to plead to the action is an implied refusal to accept the leave granted, and renders the adjudication final in its effect.

2. The amendment of 1907 to the act which provides for the recovery of damages in cases where the death of a person is caused by wrongful act (*Gen. Stat., p.* 1188), and by which the time within which suit may be brought is extended from twelve to twenty-four calendar months after the death has occurred, does not operate to extend the period of limitation in cases where the death occurred prior to the enactment of the amendment.

On error to the Union Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiffs in error, *John J. Stamler.*

For the defendant in error, *Alfred A. Stein.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The record returned with the writ in this case comprises a declaration, a demurrer thereto,

and the following order, viz.: "The argument of the demurrer to the plaintiff's declaration coming on to be heard in the presence of the counsel of the respective parties, and the court having heard and considered the same, it is on this 4th day of May, 1909, on motion of Alfred A. Stein, attorney for the plaintiff, ordered that the demurrer be overruled with costs, and that the defendants plead to the plaintiff's declaration within five days from the date hereof."

The writ of error is tested on the 7th day of May, 1909, two days before the expiration of the time within which, by the terms of the above-recited order, the defendants were entitled to plead. The case, therefore, involves the preliminary question whether the order returned with the writ is reviewable on error. In other words, whether it is a final judgment.

It is apparent that this order, in the form in which it is entered, is not, in itself, a final judgment, dispositive of the matters in litigation between the parties to the suit. It is, rather, a judgment *nisi*, permitting the plaintiff to enter judgment final at the expiration of the five days limited therein, unless in the meantime the defendant shall plead to the action. But the act of the defendant in suing out his writ of error was, in its legal effect, a refusal to accept the privilege extended to him by the court; for a necessary preliminary to the filing of a plea, after the overruling of a demurrer, is the withdrawal of the demurrer. By adopting this course of procedure he has abandoned any defence which he may have to the action upon the merits, and unless he can succeed in reversing the order entered against him there remains to be done nothing except to assess the plaintiff's damages, and tax his costs. This being so, the suing out of the writ of error rendered the order a judgment final in effect, though not in form, and it is, consequently, reviewable on error. *Tomlinson* v. *Armour & Co.*, 46 *Vroom* 748.

Turning to the merits, the following situation is disclosed. Charles Bretthauer, the plaintiff's intestate, was a resident of the city of Elizabeth, and came to his death in that city on the 16th day of March, 1907, by being run over by a wagon

drawn by a pair of horses belonging to the defendants, and carelessly driven by one of their employes. The present action was begun on the 17th day of February, 1909, and by it the plaintiff seeks to recover from the defendants the pecuniary loss sustained by the decedent's next of kin by reason of his death.

The right of an administrator to maintain an action in this state for the wrongful death of his decedent rests entirely upon statutory law. Our act of March 3d, 1848 (*Gen. Stat., p.* 1188), which confers such right, required, in its original form, that such action should be instituted within twelve calendar months after the death had occurred. This limitation was extended by an amendment to the act, passed May 8th, 1907 (*Pamph. L., p.* 386), to twenty-four calendar months after such death. The amendment referred to took place fifty-three days subsequent to the death of Mr. Bretthauer, and the question presented by the demurrer was whether the defendants' liability to answer for that death ceased at the end of twelve months after its occurrence, or was extended to twenty-four months thereafter by force of the amendment of 1907. The court below concluded that by the amendment the defendants' liability was extended to the 16th day of March, 1909, and as the present suit was begun a month before that date, held that it was within the period fixed by the statute.

If the provision in the Death act fixing the time within which suits instituted thereunder should be brought was an ordinary statute of limitations, dealing only with the remedy given to the plaintiff, the conclusion reached by the court below would be sound beyond controversy, for it is entirely settled that until the period fixed by such a statute has arrived the statute is a mere regulation of the limitation, and, like other such regulations, subject to legislative control. But this provision of the Death act is not an ordinary statute of limitations. It operates not only as a limitation of the remedy given the plaintiff, but also as a limitation of the liability which it creates against defendants. *Lapsley, Adm'x,* v. *Public Service Corporation,* 46 *Vroom* 266. Consequently, when

the wrongful act which is the subject-matter of the present litigation was committed by the defendants' employe, the defendants became legally liable for a period of twelve calendar months to compensate the next of kin of the deceased for the pecuniary injury resulting to them from his death, and were exempt from such liability at the expiration of that period. Their right to complete exemption at the end of the time specified was as complete as the right of the plaintiff to hold them responsible in damages during the running of that time; and the right of each became vested when the wrongful act occurred. The third section of the act of March 27th, 1874, entitled "An act relative to statutes" (*Gen. Stat., p.* 3194), provides that the repeal of any statutory provision by any act of the legislature hereafter passed, shall not affect or impair any act done, or right vested or accrued, before such repeal shall take effect; that every such act done, or right vested or accrued, shall remain in full force and effect to all intents and purposes as if such statutory provision so repealed had remained in force. The amendment of 1907 to the Death act repealed the twelve months' limitation contained in the original act, and substituted a longer period in its place. By the express language of the act of 1874 such repeal did not affect any right vested before the repeal took effect, and left the relative rights of the parties to this action as it found them. This being so, the demurrer to the plaintiff's declaration should have been sustained.

The judgment under review will be reversed.