DAVID N. SHACK, APPELLANT, v. WALTER H. DICKEN-HORST ET AL., RESPONDENT.

Argued March 9, 1923—Decided October 11, 1923.

1. It is a fundamental rule in the construction of a statute that effect must be given to each part thereof—that is, that it must be so construed that, if possible, no clause, sentence or word shall be superfluous, void or insignificant.

2. The purpose of the legislature in enacting the first and second sections of the "Act to prevent gaming" (*Comp. Stat., p.* 2623), was that any person who shall pay, deliver or deposit any money, &c., in violation of the first section, should be entitled to recover it from the other party to the wager, or from the stakeholder, and that his right of action should not be barred, except by the general statute of limitations, unless his wager was actually lost, but that, in the latter event, not only his remedy, but also his right of action, should cease, unless he should bring suit for recovery of the moneys lost within six calendar months after payment or delivery by him.

3. It is an elementary rule of pleading that the existence of every fact upon which plaintiff's right of action depends must be specifically averred in his complaint, and the absence of such an averment raises the presumption that no such fact exists, and, consequently, no liability on the part of the defendant is shown.

On error to the Essex Circuit Court.

For the appellant, *Merritt Lane.*

For the respondents, *John W. Palmer* and *William Harris.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present appellant was the plaintiff below; and the only ground of appeal which his counsel has argued before us is directed at the alleged error of the Circuit Court in striking out his complaint, upon motion, for the reason that it disclosed no cause of action against the defendants, and directing the entry of judgment in their favor.

The first count of the complaint in the pending cause avers that the plaintiff paid and delivered to the defendants the sum of $15,000 upon the event of a wager and bet, forbidden by section 1 of our act to prevent gaming (*Comp. Stat.*, p. 2623), the purpose of the wager being that the plaintiff would win or lose, according as the price of certain stocks should rise or fall. The other counts of the complaint set out similar wagers, made with the defendants by parties therein named, each of whom afterward assigned to the plaintiff all rights in the moneys so paid and delivered to the defendants.

That these several transactions came within the condemnation of the first section of our Gaming act cannot be questioned. Similar transactions have been so held in *Flagg* v. *Baldwin*, 38 *N. J. Eq.* 219; *Minzesheimer* v. *Doolittle*, 60 *Id.* 394; *VanPelt* v. *Schauble*, 68 *N. J. L.* 638.

For the purpose of enforcing the prohibition of the statute, the legislature enacted two provisions—first, "that any person who shall pay, deliver or deposit any money  *   *   * upon the event of any wager or bet herein prohibited  *   *   * may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, or of the stakeholder  *   *   * whether the same shall have been delivered or paid over by such stakeholder or not, and whether any such wager be lost or not" (*Comp. Stat.*, p. 2624, § 2), and second, "that if any person shall lose any money  *   *   * in violation of the first section of this act, and shall pay or deliver the same or any part thereof to the winner, or to any person to his use, or to a stakeholder, it shall be lawful for

such person to sue for and recover said money  *  *  *  from said winner or from said stakeholder, whether the same has been delivered or paid over by said stakeholder or not  *  *  * provided that such suit shall be brought within six calendar months after payment or delivery as aforesaid." *Comp. Stat.*, p. 2624, § 5.

It is a fundamental rule in the construction of a statute that effect must be given to each part thereof; that is, that it must be so construed that, if possible, no clause, sentence or word shall be superfluous, void or insignificant. The cases upon this point are collated in volume 6 of the *N. J. Dig.*, under the title *"Statutes,"* § 104. Applying this rule to the statute under consideration, it seems plain to us that the purpose of the legislature in enacting these two provisions was that any person who should pay, deliver or deposit any money, &c., in violation of the first section of the act should be entitled to recover it from the other party to the wager, or from the stakeholder, and that his right of action for the recovery of the money should not be barred except by the general statute of limitations, unless his wager was actually lost; but that, in the latter event, not only his remedy, but also his right of action, should cease to exist unless he should bring suit to recover the moneys so lost within six calendar months after payment or delivery by him.

That the proviso of the fifth section has the scope that we have indicated we do not doubt. It is identical in its wording with the proviso contained in section 8 of our Death act (*Comp. Stat., p.* 1908) ; and both the Supreme Court and this court have declared that the legislative purpose disclosed by the language there used was not only to provide a limitation upon the remedy of the plaintiff, but also to create a limitation upon the liability of the defendant. *County* v. *Borax Co.,* 67 *N. J. L.* 48; *Lapsley, Admx.,* v. *Public Service Corp.,* 75 *Id.* 266; *Seitter, Admx.,* v. *West Jersey, &c., Railroad Co.,* 79 *Id.* 277; · *Eldridge, Admr.,* v. *Philadelphia and Reading Railroad Co.,* 83 *Id.* 465, 466.

In view of the legislative purpose expressed in these two sections of the statute, the question upon which the determina-

tion of this appeal must rest is whether the suit is brought to recover wagers which were lost by the plaintiff and by his assignors; and, if so, whether it was brought within six months after such losses, or any of them, occurred. The complaint, apparently by design, is silent as to these matters, and the case has been argued before us upon the theory that, because the complaint lacks any averment with relation thereto it must be presumed either that the wagers were none of them actually lost or else that the losses, or some of them, occurred less than six months before the institution of the suit. We cannot concur in this view. The right of the plaintiff to recover depends entirely upon whether or not his claim against the defendants ceased to exist prior to the institution of the suit by reason of the proviso of section 5, and that fact will not be presumed in his favor in the absence of any averment of its existence. On the contrary, under elementary rules the existence of every fact upon which his right of action depends must be specifically averred in his complaint. In the absence of such an averment as we have indicated the presumption is that no such fact exists, and, consequently, no liability on the part of the defendant is shown. *Seitter, Admx.,* v. *West Jersey, &c., Railroad Co., supra.*

For the reasons that we have expressed, we conclude that the striking out of the complaint by the Circuit Court upon the ground that it disclosed no cause of action was proper; and that therefore the judgment under review should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.