**ROBINSON v. WATERMAN S. S. CO. et al.**

**Civ. No. 4269.**

District Court, D. New Jersey.

March 21, 1947.

Malkin & Malkin, of Hackensack, N. J., for plaintiff.

Carpenter, Gilmour & Dwyer, of Jersey City, N. J., for defendant E. I. DuPont de Nemours & Co.

Stryker, Tams & Horner, of Newark, N. J., for Waterman S. S. Co.

SMITH, District Judge.

This is a civil action brought by the plaintiff, as administratrix ad prosequendum of her deceased husband, under the Revised Statutes of New Jersey, 2:47–1 et seq., N.J.S.A. 2:47–1 et seq., for the recovery of the pecuniary loss sustained by her and the next of kin by reason of the death of the decedent, allegedly caused by the negligence of the defendants. The jurisdiction of the court is predicated solely on the admitted diversity of citizenship.

The action is before the Court at this time on the motion of one of the defendants, E. I. DuPont de Nemours & Co., Inc., to dismiss the amended complaint. This motion is predicated upon an affirmative defense asserted by the said defendant, to wit, that the action "was not commenced against this defendant within two years next after the alleged cause of such action accrued." This defense rests entirely on the said Statutes, the pertinent sections of which are quoted in the footnote.[1]

 The right of an administrator ad prosequendum to maintain an action for the wrongful death of a decedent rests solely

---

[1] 2:47–1. "When action lies When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured and although his death was caused under circumstances amounting in law to a felony."

2:47–3. "Limitation of actions Every action brought under the provisions of this chapter shall be commenced within two years after the death of the decedent, and not thereafter."

on the Statutes, and the limitation embodied therein is a limitation not only on the remedy but also on this right. Bretthauer v. Jacobson, 79 N.J.L. 223, 75 A. 560; Lapsley v. Public Service Corp., 75 N.J.L. 266, 68 A. 1113; County v. Pacific Coast Borax Co., 67 N.J.L. 48, 50 A. 906, affirmed 68 N.J.L. 273, 53 A. 386. There can be no doubt that the "statute of limitations" is a bar to the maintenance of an action under the Statutes unless it is brought within the time therein prescribed, to wit, two years. Ibid. This is the established law of the State and must be followed by this Court. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231; International Nav. Co. v. Lindstrom, 2 Cir., 123 F. 475.

■ The ultimate question presented for our determination, however, is whether or not the action against the defendant E. I. DuPont de Nemours & Co. Inc., was commenced "within two years after the death of the decedent," as required by the Statutes. This question is one of procedure of which the Rules of Civil Procedure are determinative. Isaacks v. Jeffers, 10 Cir., 144 F.2d 26, 28; International Pulp Equipment Co. v. St. Regis Kraft Co., D. C., 55 F. Supp. 860, 861; Gallagher v. Carroll, D.C., 27 F.Supp. 568. See also Moore's Federal Practice, Vol. 1, at page 239.

The original complaint, which alleged that the death of the decedent occurred on August 11, 1944, was filed on December 16, 1944. This complaint stated a claim jointly, severally, and in the alternative, against only the defendants Waterman Steamship Company and Ryan Stevedoring Company. A motion for leave to amend the complaint, together with a copy of the proposed amended complaint, were filed on July 30, 1946. The defendant E. I. DuPont de Nemours Co. Inc., was therein joined as an additional defendant, but the claim for relief otherwise remained the same. This motion was presented in open court on August 5, 1946 and was thereupon granted. An appropriate notation reflecting the action of the Court was made in the civil docket pursuant to Rule 79(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff, following the practice which has prevailed in this court for many years, immediately delivered to the judge, and in open court, the proposed amended complaint, together with a formal order. The "entry" of the order and the amended complaint in the records of the court, as distinguished from their "filing" with the court, was delayed until September 6, 1946. This delay was occasioned by the inadvertence of the judge and not by any neglect or lack of diligence of the plaintiff.

■ It is our opinion that the action against the defendant E. I. DuPont de Nemours & Co., Inc., was commenced upon the delivery of the amended complaint to the judge of the court on August 5, 1946, if not earlier. This delivery of the complaint, with intent to prosecute the claim therein asserted, was a "filing" of the "complaint with the court" within the meaning of Rule 3 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The delay in the "entry" of the amended complaint in the records of the court, through no fault of the plaintiff, did not effect a postponement of the filing date.

Rule 3 provides that a "civil action is commenced by filing a complaint with the court." Rule 5(e) defines the term "filing with the court" as follows: "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, *except that the judge may permit the papers to be filed with him,* in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." (Emphasis by the Court).

■ It has been uniformly held that a civil action is commenced and the running of the statute of limitations thereby interrupted by "filing a complaint with the court." Isaacks v. Jeffers supra, 144 F.2d 28; Krisor v. Watts, D.C., 61 F.Supp. 845; International Pulp Equipment Co. v. St. Regis Kraft Co., supra, 55 F.Supp. 861; Schram v. Koppin, D.C., 35 F.Supp. 313, 314; Gallagher v. Carroll, supra D.C., 27 F.Supp. 570; C. J. Weiland & Son Dairy Products Co. v. Wickard, D.C., 4 F.R.D. 250; Schram v. Holmes, D.C., 4 F.

R.D. 119, 120. It is clear that nothing more is required.

The phrase "filing a complaint," as used in Rule 3, means nothing more than delivery of the complaint to an officer of the court authorized to receive it—under Rule 5, the clerk of the court or a judge thereof. Cf. Casalduc v. Diaz, 1 Cir., 117 F.2d 915, 916; The Washington, 2 Cir., 16 F.2d 206, 208. The phrase "entry of a complaint" is not synonymous but means the enrollment or extension of a paper on the records of the court. It is the duty of a plaintiff to file a complaint, but it is the duty of the clerk of the court to enter a complaint. A mere delay in the performance of the latter duty cannot affect the rights of a plaintiff who has filed his complaint within time.

It was hereinabove suggested that the action may have been commenced as against the defendant E. I. DuPont de Nemours & Co., Inc., prior to August 5, 1946. A copy of the proposed amended complaint was actually filed with the clerk of the court on July 30, 1946. It is our opinion that this was actually the commencement of a new and independent action as against this defendant, for which leave of the court was not required. This "filing a complaint" was sufficient to meet the requirements of Rule 3, supra.

The application of the principle adopted by the highest courts of this State will not lead to a different result. The Court of Errors and Appeals of New Jersey in the case of County v. Pacific Coast Borax Co., 68 N.J.L. 273, 53 A. 386, summarized the rule as follows: "The legal rule applicable was declared in the supreme court to be that an action was commenced, within the meaning of this legislation, when process, duly tested and issued, was put in the hands of the sheriff for the purpose of being served. We think that the rule thus declared was properly deduced from the line of cases in that court touching the commencement of actions claimed to be barred by the statute of limitations. The principle established in those cases is equally applicable to the statutory limitation imposed upon actions given by the death

act, and we approve of the conclusion arrived at below, and the reasoning upon which it rests." See also: Whitaker v. Turnbull, 18 N.J.L. 172; Updike v. Ten Broeck, 32 N.J.L. 105; McCracken v. Richardson, 46 N.J.L. 50; Burd v. Tilton, 167 A. 21, 11 N.J.Misc. 503; Mutual Sav. Fund Harmonia v. Gunne, 110 N.J.L. 41, 164 A. 43, 45, 46.

It seems reasonably obvious that the "filing of a complaint" with the court, pursuant to the rules of civil procedure, is tantamount to the delivery of a summons and complaint to the sheriff under State practice. It is clear that either marks the commencement of an action sufficient to interrupt the operation of the statute of limitations.

The motion of the defendant E. I. DuPont de Nemours & Co., Inc., to dismiss the amended complaint is denied. The motion of the plaintiff to strike the third separate defense interposed by the said defendant is granted.