22 N.J. Super. 68 (1952)
91 A.2d 643
JOHN ZABADY, PLAINTIFF-APPELLANT,
v.
JEFFERSON FRAME, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1952.
Decided October 14, 1952.
*69 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. James L.R. Lafferty argued the cause for appellant (Messrs. Lindabury, Steelman & Lafferty, attorneys; Mr. Cuddie E. Davidson, Jr., on the brief).
Mr. Joseph A. Feder argued the cause for respondent (Messrs. Feder & Rinzler, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
On motion of the defendant, the complaint was dismissed in the Law Division of the Superior Court "for failure to state the essentials of a cause of action under R.S. 2:57-5."
The complaint contains four counts. The first count alleges that "On or about December 18, 1950" plaintiff and defendant entered into wagers or bets dependent upon the outcome of certain horse races; plaintiff lost said bets or wagers; as a result of said wagers or bets and plaintiff's loss thereof, plaintiff paid to defendant the sum of $900; and demand for judgment is made for $900, together with interest. Except for the substitution of another date for "December 18, 1950" and of a different amount paid and demanded, the other three counts are identical with the first count. The complaint was filed June 14, 1951.
Plaintiff concedes that his cause of action is purely statutory and depends upon R.S. 2:57-5 which, in pertinent part, provides:
"If any person shall lose any money * * * in violation of section 2:57-1 of this Title, and shall pay * * * the same * * * to the winner * * * such person may sue for and recover such money * * * from such winner * * * in an action at law founded on this chapter, in any court of this state having cognizance thereof; but such suit shall be brought within six calendar months after payment or delivery as aforesaid."
*70 (R.S. 2:57-1 provides: "All wagers, bets or stakes made to depend upon any race * * * shall be unlawful.")
When a statute gives a remedy under particular circumstances, the party seeking such remedy must, in his pleading, allege all the facts necessary to bring him within the statute. The proviso of R.S. 2:57-5 that the suit shall be brought within six calendar months after payment or delivery operates as a limitation of the liability itself, as created, and not of the remedy alone; it is a condition attached to the right to sue at all, and compliance with this condition is an essential element of a cause of action brought under the statute. A complaint does not state a cause of action if it fails to contain an allegation showing compliance with this essential element. Shack v. Dickenhorst, 99 N.J.L. 120 (E. & A. 1923); cf. Lapsley, Adm'x. v. Public Service Corp., 75 N.J.L. 266 (Sup. Ct. 1908); Seitter v. West Jersey &c. R.R. Co., 79 N.J.L. 277 (Sup. Ct. 1910); cf. Matheny v. Porter, 158 F.2d 478 (C.C.A. 10, 1946).
The mere allegation that the payment or delivery was made "on or about" a specified date is not sufficient to meet the required test, even though it appears from the court records that the complaint was filed within six months after such specified date. Seitter v. West Jersey &c. R.R. Co., above. As the court pointed out in the Seitter case, such a time limitation in a statute does not make any precise time material; all that is material is that the suit shall be brought within the time limitation set forth in the statute. The denial by the defendant of an allegation that "on or about" a certain date payment or delivery was made, would raise no material issue because proof that it occurred at any time within six months before the suit was instituted would justify the action.
Under our former practice, this complaint would have been dismissed for failure to state a cause of action. Shack v. Dickenhorst, above; Seitter v. West Jersey &c. R.R. Co., above. The plaintiff argues, however, that a different result should be reached under our new rules. He cites federal *71 cases interpreting the Federal Civil Rules which, if followed in New Jersey, would support this argument, e.g., Bowles v. American Distilling Co., Inc., 62 F. Supp. 20 (D.C.S.D.N.Y. 1945), appeal dismissed sub nom. Porter v. American Distilling Co., Inc., 157 F.2d 1012 (C.C.A. 2, 1946). These federal cases can be of no aid to the plaintiff, because we are bound by the interpretation placed upon our new rules by our Supreme Court in Grobart v. The Society for Establishing Useful Manufactures, 2 N.J. 136 (1949) and Anderson v. Modica, 4 N.J. 383 (1950). In the Grobart and Anderson cases our Supreme Court pointed out that the substantive law has not been changed by the adoption of our new rules but, on the contrary, it has been preserved, and our procedure has been made to serve the ends of substantial justice, not by abandoning stating the essentials of a cause of action or of a defense, but by doing so in simple, concise and direct terms.
We are not concerned on this appeal with any question whether, under the circumstances, the plaintiff's motion for leave to amend his complaint should have been granted; the plaintiff sought no such leave.
Judgment affirmed.
BIGELOW, J.A.D. (dissenting).
If one of the counts of the complaint is sufficient, the dismissal was erroneous. Let us concentrate on the fourth count. It sets forth that the wagers were made "on or about January 8, 1951," and that "as a result of said wagers or bets and plaintiff's loss thereof, plaintiff paid to defendant the sum of $1,200." The time that elapsed between the given date and the date of beginning the action, namely, June 14, 1951, was five months and six days. The statute on which plaintiff sues, R.S. 2:57-1 etc., requires that suit be brought within six calendar months after payment of the bet, else the cause of action is lost. Shack v. Dickenhorst, 99 N.J.L. 120 (E. & A. 1923). It will be noted that the complaint before us does not expressly state when the bets were paid but only that plaintiff paid *72 the money as a result of the wagers and plaintiff's loss thereof. Accepting the averment as true, the payment could not have been made in advance of the bets. The complaint in effect alleges that payment was made on or about January 8, 1951, or some time thereafter. Of course, the pleading is argumentative, but that vice is no longer fatal. If payment was made after December 14, 1950, the action was begun within time.
At common law, allegations of time in a pleading were not generally material. Stephen on Pleading (Am. Ed. 1892), 279. Accordingly, in a case under the Death Act which required that action be brought within 24 calendar months after death, it was held that a declaration was insufficient which averred that plaintiff's intestate was killed on June 27, 1909, although that date was well within two years of the commencement of the action. "It is obvious," wrote Justice Swayze, "that it would result in an immaterial issue if the defendant should deny that death occurred on June 27, 1909, for proof that it occurred on January 1, 1909, would justify the action. * * * It should be averred in so many words that the action was commenced within 24 calendar months after the death." Seitter v. West Jersey etc. Co., 79 N.J.L. 277 (Sup. Ct. 1910). Such a decision could hardly be made under our present rules which provide that "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Rule 3:9-5. Upon a motion to dismiss, because the complaint does not show that the bet was paid within six months, the court should treat an allegation of the date of payment as material, and uphold the pleading if the complaint was filed within six months after that date, although upon the trial the plaintiff may prove that the bet was paid some other day; and the plaintiff will recover if the evidence satisfies the jury that he paid the wager at any time within six months next before beginning the suit.
*73 But in the instant case, instead of a day certain, we have the expression "on or about January 8, 1951." Is this form of statement sufficient? "The common understanding of the words `on or about,' when used in connection with a definite point of time, is that they do not put the time at large, but indicate that is it stated with approximate accuracy." Rinker v. U.S., 151 Fed. 755, 757, 81 C.C.A. 379 (C.C.A. 8, 1907); Stephen v. State, 207 Ind. 388, 193 N.E. 375 (Ind. 1934).
The judgment before us was granted upon a motion based on Rule 3:12-2(5) which lists among the defenses that may be made by motion, a "failure to state a claim upon which relief can be granted." This language is taken without change from Federal Rule 12(b) (6), under which it is held that a complaint should not be dismissed for insufficiency unless it appears that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Continental Collieries v. Shober, 130 Fed.2d 631 (C.C.A. 3, 1942). If the same construction be given to our New Jersey rule, it is obvious that the motion to dismiss should have been denied. Proof that the wager was made and the money paid after December 14, 1950, would certainly be within the case stated in the fourth count and entitle the plaintiff to relief.
The expression "on or about" is, of course, vague. Its use in the complaint violates the canons of good pleading. But vagueness ought not result in a dismissal of the action; it should be attacked by a motion for a more definite statement, pursuant to Rule 3:12-5. Porter v. Karavas, 157 Fed.2d 984 (C.C.A. 10, 1946).
We must not overlook Rule 3:8-6, "All pleadings shall be so construed as to do substantial justice."
What I have said with particular reference to the fourth count, applies also to the other counts.
In my opinion, the judgment should be reversed.