THE STATE, WILLIAM F. McGOVERN, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON.

1. A person who, as the lowest bidder, is entitled to have a municipal contract awarded to him may, by *certiorari*, question the validity of its award to another.

2. He cannot, however, in such proceeding, question the legality of the advertisement for bids, or of the specifications upon which the contract rests, unless he has some personal or property interest which is injuriously affected by the alleged illegality.

On *certiorari*.

Argued at February Term, 1897, before Justices DEPUE, MAGIE and GUMMERE.

For the prosecutor, *Chauncy H. Beasley.*

For the defendant, *George W. Macpherson* and *John Rellstab.*

The opinion of the court was delivered by

GUMMERE, J.    The writ in this case brings up for review a contract for the paving of Prospect street, in the city of Trenton, with vitrified brick, awarded by the municipal authorities to one Dennis Roe.

It is insisted on behalf of the prosecutor that the contract is void because it was not awarded to the lowest bidder, as required by the one hundred and seventh section of the city charter; and the right of the prosecutor to challenge the action of the city is based upon the claim that he himself was the lowest bidder, and that, by the award of the contract to another than himself, he was specially and injuriously affected. Assuming his claim that he was entitled to have the contract awarded to him, to be well founded, it cannot be denied that he was specially and injuriously affected by the action complained of, and is entitled to question its validity by *certiorari*.

*Jersey City* v. *Traphagen,* 24 *Vroom* 434; *Tallon et al.* v. *Hoboken, ante p.* 212.

Granting, then, that the prosecutor was the lowest bidder, was the action of the municipality, in awarding the contract to Roe, in violation of the charter provision, and therefore void ?

· The one hundred and seventh section of the charter provides "that all contracts for doing work, &c., shall, at all times, be given to the lowest bidder or bidders who shall give satisfactory proof of his or their ability to furnish the requisite materials and perform the work properly." *Pamph. L.* 1874, *p.* 385. This provision of the charter has received consideration at the hands of this court, at the present term, in the case of *Wilson v.* Inhabitants of Trenton, and it was there held that, by the requirement of this section, a person, in order to be entitled to the award of a contract with the city, must not only underbid his competitors, and be, in fact, able to perform the contract, but that he must furnish to the municipality satisfactory proof of such ability.

In the present case the common council of the city were not satisfied, from the proofs furnished by the prosecutor, taken in connection with other facts which were before them, of his ability to furnish the requisite material and do the work properly, and for that reason refused to award the contract to him. We cannot say that the conclusion which they reached was not *bona fide,* or that the proofs submitted by the prosecutor ought to have satisfied them as reasonable men of his ability to perform the contract. This being so, the action of common council is final and cannot be disturbed by this court. *Wilson v. Inhabitants of Trenton, ante p.* 394.

. Other reasons are given by the prosecutor why this contract should be annulled, but they are not such as he is entitled to have considered and adjudicated upon in this proceeding. They challenge the legality of the advertisement for bids and of certain of the specifications which the contract rests upon. As has already been stated, the prosecutor is here solely because of his claim to have been injuriously affected, *as a bidder,*

by the action of council in awarding the contract to another than himself. He is not, so far as the case shows, a taxpayer of the city, and has not intervened as such for the purpose of preventing the illegal expenditure of municipal funds. Even if it be true that the advertisement for bids did not conform to the charter requirements, and that certain of the specifications upon which the contract rests are illegal, the prosecutor has no personal or property interest which has been injuriously affected thereby, and it is entirely settled that a *certiorari* to review the acts of public officials will not lie in favor of prosecutors who have no personal or property interest to be specially and immediately affected by the action complained of. *Jersey City* v. *Traphagen, supra; Tallon* v. *Hoboken, supra.*

The proceedings under review should be affirmed, with costs.