## HILL DREDGING COMPANY

*v.*

## VENTNOR CITY.

[Heard July 6th, 1910. Determined July 7th, 1910.]

1. A municipal corporation cannot be bound by an engagement which it has no power to make, and the corporate powers of such a corporation cannot be extended by the operation of the doctrine of estoppel.

2. The corporate powers of defendant corporation as defined by the statute relating to the government of cities (*P. L. 1897 p. 46*) failing to include any power of common council to grant the privilege of laying pipes for the purpose named in or upon the public streets within the municipality, such a grant is void.

3. Even if the privilege be valid for one purpose, it is the duty of the court to refuse to restrain the municipality from interfering with acts for other purposes in excess of the grant.

On bill for injunction. Hearing at return of order to show cause.

*Messrs. Thompson & Cole,* for the complainant.

*Mr. George A. Bourgeois,* for the defendant.

LEAMING, V. C.

I will advise an order denying a preliminary writ.

*First.* A municipal corporation cannot be bound by an engagement which it had no power to make; and the corporate powers of such a corporation cannot be extended by the operation of the doctrine of estoppel. It follows that the defence of *ultra vires* is available to a municipal corporation. These principles appear to be well established; they arise from the public necessity of limiting the powers of the officers of such corporations to such engagements as are within the scope of the powers conferred upon the municipality by the legislature. *1 Dill. Mun. Corp.* (*3d ed.*) § *457.* An examination of the corporate powers of defendant corporation and its officers, as defined in *P. L. 1897 p. 46,* fails to disclose any power of the common council to grant to or for the benefit of complainant the privilege of laying pipes in or upon the public streets within the municipality for the purpose named in the bill. The grant must be treated as void.

*Second.* Should the permission which was granted be regarded as valid and binding upon the municipality, the affidavits filed in behalf of defendant disclose that the pipes have not been used for pumping sand to the beach front, as named in the permission, but have been used to pump mud and sewer filth and have thus endangered the public health. As these statements are not denied they must be assumed to be true. The duty of this court to refuse to restrain defendant municipality from interfering with acts of the nature stated seems manifest.