IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1913.

---

ARTHUR G. C. FLETCHER v. BOARD OF EDUCATION OF
THE BOROUGH OF CLOSTER.

Argued July 3, 1913—Decided November 10, 1913.

A municipal board cannot bind the corporation which it represents
by any contract which is beyond the scope of its powers; and
the municipality may successfully defend an action brought
against it for failure to perform such a contract upon the
ground that it is *ultra vires*.

---

On error to the Bergen Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KALISCH.

For the plaintiff, *Archibald C. Hart.*

For the defendant, *David D. Ackerman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff, an architect, brought this suit to recover damages for the breach of a contract alleged to have been entered into between him and the defendants for the preparation of plans for, and the superintending of, the erection of an addition to a school house in the borough of Closter.  His complaint sets out that the defendant board having invited several architects, of whom he was one, to prepare completed sketches for an addition to the school building, and having agreed to compensate the invited competitors therefor by paying to each of them the sum of $50 for their services, except the successful contestant, and having agreed to pay that contestant six per cent. of the cost of the addition for his services in preparing plans, &c., and for his superintendence in the erection of the building, accepted the completed sketch submitted by the plaintiff pursuant to this invitation; that thereupon a public meeting of the voters of the borough was held; that plaintiff's plans were submitted to the meeting, and that it was then voted to expend the sum necessary to build the addition in accordance with those plans, that sum being $22,000.   He then avers that by virtue of the acceptance of his plans by the board, and the vote of the people of the school district, he became entitled to be paid six per cent. upon this sum upon tendering himself ready to perform (which he avers that he did), but that the defendant board then and there refused to accept his services, or to pay him the compensation agreed upon under this contract, to wit, $1,320, with interest.   His suit is brought to recover this compensation.   The defendant moved to strike out the complaint on the ground that it showed no cause of action, and this motion prevailed.   The complaint having been stricken out, judgment final was ordered in favor of the defendant, and from that judgment the plaintiff appeals.

We find no error in the course pursued by the court below. Section 129 of our School law, as amended April 27th, 1911 (*Pamph. L., p.* 764), provides that "No contract for the

erection of any public school building, or any part thereof, shall be made until and after plans and specifications therefor have been submitted to and approved by the State Board of Education." The law is settled beyond controversy that a municipal board cannot bind the corporation which it represents by any contract which is beyond the scope of its powers. The duties and powers of the public agents of a corporation being prescribed by statute, or charter, all persons are bound to know the limitations thereof; and it results from this doctrine that unauthorized contracts are void, and in actions thereon the corporation may successfully defend on the ground that they are *ultra vires.* *State, Hoxsey* v. *Paterson,* 10 *Vroom* 492, 493. There is no suggestion in the complaint in the present case that the plans and specifications of the plaintiff were ever submitted to, much less that they were ever approved by, the state board of education, and under well-settled rules of pleading it must be presumed, in determining the sufficiency of the complaint, that the contract sued upon was entered into without such submission and approval. This being so, the contract was void for lack of power of the defendant board to lawfully enter into it.

The question whether the plaintiff was entitled to $50 for taking part in the competition referred to in the complaint—or to reasonable compensation for drawing the plans of the addition—is not raised by the complaint, and, therefore, has not received consideration at our hands.

The judgment under review will be affirmed.