RICHARD F. POTTER, ASSIGNEE, RESPONDENT, v. BOR-OUGH OF METUCHEN, APPELLANT.

Argued May 6, 1931—Decided June 12, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Wesley Benner* (*Meehan & Waltzinger,* of counsel).

For the respondent, *Richard F. Potter.*

The opinion of the court was delivered by

CAMPBELL, J. Plaintiff, the assignee of Christopher Marzella, sued for the construction of a concrete floor in a building leased by the defendant, as a firehouse at a nominal rental of one dollar per year. The state of demand is in two counts; the first alleges a specific contract at an agreed price of $350; and, the second is upon a book account in the same amount.

At the trial the plaintiff established that the work was done and completed in pursuance of a verbal contract between his

assignor and two members of the borough council, referred to as fire commissioners.

It is not shown, nor is our attention directed to, any authority, by statute or otherwise, for the appointment of these fire commissioners nor what statutory or other powers they possessed, except as set forth in the state of case, to which we hereafter refer.

Statutory authority for their appointment and their power does not appear to be raised or contested and, therefore, we have not considered it.

The defendant-appellant contended below, and here, that the alleged contract was not authorized by the borough and was, in fact, beyond the power of both the mayor and council and the fire commissioners because it was for repairs to property not belonging to the borough; that it was not made by authority of any ordinance or resolution; and that the borough had not ratified the contract or accepted the work.

The defendant-appellant moved for a nonsuit and later for a verdict to be directed in its favor, because—

1. There was no authority in the councilmen (evidently the two fire commissioners) to enter into the contract.

2. That no resolution or ordinance had been passed authorizing the contract and therefore no obligation existed upon the part of the borough to pay.

Both motions were denied and the trial court, sitting without a jury, rendered judgment in favor of the plaintiff below.

After the argument of this appeal, the appellant, by leave of court, filed a brief setting up the points upon which it relies for a reversal of the judgment, and as we gather therefrom and from the oral argument of counsel it is fair to assume that reliance is based solely upon the insistence that the fire commissioners had no authority to contract respecting the matter, and there had been no acceptance of the work by the borough and consequently no ratification of the contract by the borough if the fire commissioners were without authority to make and enter into it.

Counsel for appellant, at the argument of the cause, urged not only that there was no liability but that the borough could

not legally make payment because the asserted contract was *ultra vires* in that the building in which the work was performed was not the property of the borough.

This ground does not appear to be available because if this error is intended to be asserted under the refusal to nonsuit or direct the verdict it was not made a ground or reason for either motion. The grounds for nonsuit were, and those for direction of verdict were the same;

1. That there was no authority in the councilmen (evidently the two councilmen who were the fire commissioners) to enter into the contract;

2. That no resolution or ordinance had been passed authorizing the contract; and

3. That there was no obligation on the part of the borough to pay for this work done.

It appears, therefore, that we are concerned only with the questions—did the proofs show that the fire commissioners had authority to make the contract; and, if not, did the borough accept the work or ratify the contract?

From the state of case before us we conclude that this must be answered in the negative.

The trial judge found that the fire commissioners "had charge of the fire houses and equipment," and with that finding of fact rested his conclusions upon *Wentink* v. *Passaic,* 66 *N. J. L.* 65, and *Grant* v. *Bayonne,* 5 *N. J. Mis. R.* 407. Admittedly there was no ratification or acceptance upon the part of the borough.

The cases upon this subject appear to be divided into five classes:

1. Where there was no lack of power in the corporation or its agents to make the contract but the defect was in an irregular exercise of such power. There a recovery may be had because one contracting with a public body, under such conditions, is not obliged to scrutinize, at his peril, the corporate proceedings. *Wentink* v. *Passaic, supra; Tappan* v. *Long Branch,* 59 *N. J. L.* 371; *Knapp* v. *Hoboken,* 38 *Id.* 371; *Bigelow* v. *Perth Amboy,* 25 *Id.* 297.

2. Where the contract is within the corporate power, but

entered into with unauthorized agents, and has, subsequently, been ratified and confirmed by the corporate body, or its properly authorized agents, in which case a recovery may be had. *Cory* v. *Somerset*, 44 *N. J. L.* 445; *Car Spring Co.* v. *Jersey City*, 64 *Id.* 544; *Bourgeois* v. *Atlantic City*, 82 *Id.* 82; *Frank* v. *Jersey City*, 90 *Id.* 273; *Grant* v. *Bayonne*, *supra*.

3. Where the contract is within the corporate power but entered into through unauthorized agents and the acceptance or ratification was not by the corporate body or its duly authorized agents—but by unauthorized agents or officers, in which event, there can be no recovery as upon a contract either expressed or implied. *Car Spring Co.* v. *Jersey City*, *supra; Jersey City Supply Company* v. *Jersey City*, 71 *N. J. L.* 631; *Frank* v. *Jersey City*, 90 *Id.* 273 (at *p.* 279).

4. Where the contract is not within the corporate powers there can be no ratification or acceptance, and consequently no recovery. *Hackettstown* v. *Swackhamer*, 37 *N. J. L.* 191.

5. Where the contract is within the corporate power, but entered into with an unauthorized agent, and there is no ratification, there can be no recovery. *Giardini* v. *Dover*, 101 *N. J. L.* 444.

Pertinently, the question is, into which of these five classes does the present case fall?

The state of case, pages 16 and 17, shows: "Edward A. Burroughs * * * borough clerk * * * testified: that no ordinance or resolution had ever been passed * * * authorizing any contract with Marzella [appellee's assignor] or anyone else for laying a floor in the firehouse; that the firehouse was not the property of the borough, but was leased * * * at the yearly rental of one dollar; that Mr. Platt and the other councilman, Mr. Kramer, were also fire commissioners of the borough of Metuchen; that an annual appropriation was made by the borough for the use of the fire commissioners; that the yearly rental of one dollar was actually paid by the fire commissioners out of said appropriation, *and that the fire commissioners were charged with the duty of making necessary repairs to and replacing equipment,*

*&c., and that such work was done at the instance and'under the supervision of the fire commissioners; and that the borough had refused to recognize the contract and refused to make payments of the amounts due thereunder."*

There is nothing before us showing, or even indicating, upon what terms and conditions the borough leased the building in question. For that reason also we conclude that we are not judicially interested in the ground that the contract was *ultra vires.* The Home Rule act (*Pamph. L.* 1917, *ch.* 152, *p.* 365, § 1), authorizes the leasing of buildings for all public purposes and the repairing, enlarging, &c., of the same. If maintenance and repair was one of the conditions of the lease we are inclined to think, but not called upon to decide, that the alleged contract was not beyond the corporate powers of the borough.

But it seems to us that the sole question here is, did the fire commissioners have authority for the purpose in question?

A strict and literal reading of the state of case, before quoted, compels a finding to the contrary. It sets forth that the fire commissioners were clothed with authority and duty "of making necessary repairs to and replacing equipment, &c., * * *." *Etcetera* means: "and other things or the rest; and so forth; used to indicate others of a kind specified."

We are entirely unable to bring ourselves to the conclusion that this abbreviation used in connection with the particular specification of fire equipment should be taken to include repairs to a floor of a leased firehouse.

The trial judge very evidently did so because in his memorandum he says, speaking of the powers and duties of the fire commissioners, "that they had charge of the fire houses and equipment * * *" and "it would appear to me from the state of facts above stipulated and agreed to by the respective counsel that the work done by this contractor was in the nature of repair work to the firehouse under which the councilmen in question had supervision as fire commissioners: that it was entirely within their province, and in fact one of their duties, to provide adequate equipment, and adequate

houses for that equipment; that the floor in the firehouses was a necessity and that they were working entirely within the scope of their authority in entering into the contract." It may well be that he was right in reaching such a conclusion from the facts as they actually existed and appeared before him, but if so, the difficulty here is that such supporting proofs and facts have not been certified to us.

We are not permitted to speculate and conjecture upon such a question. The sole question before us is, from the proofs certified to us, were there such facts established that, the trial judge, believing them to be true, could base thereon his findings?

If so, upon appeal, this court will not test the accuracy of the judgment of the trial court as to the truth thereof. All we seek is some proof, accepted as true by the court below, upon which it could and did base its judgment. If so, such finding of fact is accepted by this court.

From the state of case before us we are not placed in this position, but, on the contrary, are compelled to find that there is nothing before us upon which the finding of the trial court as to authority of the fire commissioners to enter into the contract in question can be based and, therefore, the case falls under class five of our adjudications before referred to and the judgment below must be reversed, with costs.