SOUTH BROAD BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, PLAINTIFF-APPELLANT, v. THOMAS BRUNETTO AND ROSE BRUNETTO, DEFENDANTS-RESPONDENTS.

Submitted January 27, 1933—Decided June 29, 1933.

Before Justices BODINE and DONGES.

For the plaintiff-appellant, *Voigt & Otto.*

For the defendants-respondents, *Edwin G. Adams.*

PER CURIAM.

This is an appeal from a judgment of the Essex County Circuit Court entered upon order of Judge Mountain who struck out the complaint as setting up no cause of action.

The suit was on a bond for deficiency under a foreclosure of a mortgage, the deficiency amounting to some $16,000. The complaint set up all the essential facts except that it failed to aver that the notice of intention to sue for the deficiency on the bond had been filed in the register's office, as required by the statute. 3 *Comp. Stat., p.* 3423. Judge Mountain held that this was a fatal defect and struck the complaint.

In this he was correct. The statute says that no judgment shall be entered in a suit for deficiency on such a bond unless the notice be filed. The filing of the notice was, therefore, a fact necessary to be established before plaintiff could prevail. In *Schack* v. *Dickenhorst,* 99 *N. J. L.* 120; 122 *Atl. Rep.* 436, the late chief justice, speaking for the Court of Errors and Appeals, said: "Under elementary rules the existence of every fact upon which his right of action depends must be specifically averred in his complaint. In the absence of such an averment as we have indicated the presumption is that no such fact exists and consequently no liability on the part of the defendant is shown." See, also, *State* v. *Mayor, &c., of Jersey City,* 94 *N. J. L.* 43; 109 *Atl. Rep.* 15; *Fletcher* v. *Board of Education,* 85 *N. J. L.* 1; 88 *Atl. Rep.* 834. Applying this rule to the instant case, it would appear that the plaintiff has failed to plead a fact, the filing of the notice, which is essential to recovery, and the complaint, therefore, is defective.

The court refused to permit an amendment on the ground that the time limited by the statute had expired, but this action is not challenged by the ground of appeal.

The judgment under review is affirmed, with costs.