MILTON BROWN, PROSECUTOR-RESPONDENT, v. MAITLAND B. TERHUNE, SUPERINTENDENT OF BUILDINGS OF THE VILLAGE OF RIDGEWOOD, AND THE VILLAGE OF RIDGEWOOD, DEFENDANTS-APPELLANTS.

Argued October 23, 1941—Decided January 9, 1942.

For the defendants-appellants, *Thomas L. Zimmerman.*

For the prosecutor-respondent, *Newcorn & Newcorn.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court setting aside an amendment to the zoning ordinance of the appellant Village of Ridgewood. The rule for judgment further directs the issuance of a peremptory writ of *mandamus* to compel the issuance to respondent of a permit for the erection of a gasoline service station.

On October 16th, 1940, respondent, who had entered into a contract for the purchase of premises 75-83 Godwin Avenue, in Ridgewood, applied for a permit for the erection of a service station at that location. At that time, the *locus* was in a zone in which such structures and such use were not prohibited by the zoning ordinance. There was, however, an amendment pending, having been passed on first reading on October 8th, 1940, which put the premises in a two-family residence zone, where gasoline stations were not permitted. This amendment was adopted on October 22d, 1940. The building superintendent, when application was presented to him by the attorney for the applicant on October 16th, declined to pass upon it, saying that he needed more time. Thereupon he was served with notice of application for *mandamus*.

On October 21st, the matter was heard and *mandamus* was denied. On October 22d, a writ of *certiorari* was allowed to review "a certain decision" rendered by the superintendent rejecting the application and all things touching and concerning the same. That night, after the allowance of the writ, the amendment to the zoning ordinance was adopted.

On the return of the writ, the Supreme Court held the amendment unreasonable and set it aside. The opinion further held that the respondent was entitled to a writ of *mandamus*.

Following the opinion of the Supreme Court, a peremptory writ of *mandamus* was issued and it was complied with by the issuance of the permit for the erection of the gasoline station.

as well as other permits necessary for the demolition of existing structures and for other work. It is stated in the briefs of both parties that the work has progressed and is nearly completed. Appellant further asserts that the permit for the gasoline station was issued in compliance with the writ of *mandamus*. There has been no application to mold the pleadings to permit a review of the issuance of the *mandamus*, hence there can be no review of that proceeding.

The real question involved was the refusal of the superintendent of buildings to issue a permit, as applied for by respondent. This was the only matter subject to review when the writ of *certiorari* issued. It appears, therefore, that inasmuch as there can be no review of the order for *mandamus* and the appellants have complied with the request and with the order of the Supreme Court, there is no pending question for determination.

The appeal is dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, PERSKIE, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 14.