My review of this case impels me to dissent from the majority opinion of my *Page 215 
colleagues. The reasons for my view that the judgment of the court below should be affirmed are as follows:
Plaintiff's cause of action is grounded solely on the alleged agreement with Phile, which he contends was made by Phile as agent for the defendant township, and is binding upon the defendant.
Defendant argues that the plaintiff failed to establish aprima facie cause of action against defendant and the court, therefore, properly granted its motion for dismissal. A review of plaintiff's testimony fails to reveal that the Township Committee was at any time informed of the alleged agreement with the collector, nor was there any evidence that the agreement had ever been approved or acquiesced in by action or conduct of the governing body or, in fact, that the Township Committee had ever had notice of the several payments made by plaintiff to the tax collector. Nor is there any evidence that Phile was possessed of any authority, either in his capacity as township clerk or collector, that would impute legal sanction to such an agreement. Phile's action, under the circumstances, was clearly beyond the scope of his authority and could not be enforced against the defendant.
"A municipal corporation is not bound by a contract made in its name by one of its officers or by a person in its employ, although within the scope of its corporate powers, if the officer or employee had no authority to enter into such a contract in behalf of the corporation. The principle by which a private employer is held liable for unauthorized acts of his agents on the ground that he has impliedly held them out as having a general authority to act for him has a much more limited application to municipal corporations. It is generally held that those dealing with the officers or agents of a municipal corporation must at their peril see to it that such officers or agents are acting within their authority, the reason for the distinction being that in the case of private parties the actual extent of authority is known only to principal and agent, whereas in the case of a municipal corporation it is a matter of record in the statutes of the state or in the proceedings of the municipal council." 38 Am. Juris., Section 507, pp. 183, 184.
Mr. Justice Campbell, speaking for the Supreme Court in Potterv. Borough of Metuchen, 108 N.J.L. 447, at p. 451 (1931), emphasized the principle of law as enunciated in 38 Am. Juris.,
§ 507, supra, by stating: *Page 216 
"Where the contract is within the corporate power but entered into through unauthorized agents and the acceptance or ratification was not by the corporate body or its duly authorized agents — but by unauthorized agents or officers, in which event, there can be no recovery as upon a contract either expressed or implied. Car Spring Co. v. Jersey City, supra; Jersey CitySupply Company v. Jersey City, 71 N.J.L. 631; Frank v. JerseyCity, 90 Id. 273 (at p. 279)."
The evidence here is silent as to any acts of confirmation or assumption of the agreement by the defendant.
The only methods for sale, exchange, conveyance or transfer of municipal tax liens are found in the provisions of R.S.
54:5-112, 113, 114.1 and 2. The alleged agreement sub judice
did not conform in any particular to the methods provided under the pertinent statute.
"Where the contract is not within the corporate powers there can be no ratification or acceptance, and consequently no recovery. Hackettstown v. Swackhamer, 37 N.J.L. 191." Potterv. Metuchen, supra, at p. 451.
Plaintiff having failed to establish a valid, enforceable agreement with the defendant, his cause of action necessarily fails and, in my opinion, the Law Division did not commit any error in granting the motion for dismissal.