19 N.J. Super. 537 (1952)
88 A.2d 672
JAMES PETROZELLO, PLAINTIFF,
v.
WILLIAM HOWE DAVIS, WALTER B. SAVAGE, OVID C. BIANCHI, RUSSELL RILEY AND RALPH E. GIORDANO, CONSTITUTING THE BOARD OF COMMISSIONERS OF THE CITY OF ORANGE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 16, 1952.
*539 Mr. Joseph C. Cassini (Messrs. Gross & Blumberg, Mr. Morton Stavis appearing), for the plaintiff.
Mr. Edmond J. Dwyer, for the defendants.
DANIEL J. BRENNAN, J.S.C.
This is a proceeding in lieu of prerogative writ. Plaintiff seeks judgment that the defendants be directed to accept his offer in the amount of $1,300 for the purchase of premises known as 624-630 Burnside Street in the City of Orange, urging that he is the highest bidder and the one offering the best terms therefor.
Examination of the complaint discloses that the plaintiff asserts that he is a taxpayer in the City of Orange; that by public advertisement in the Orange Transcript, a newspaper published in the City of Orange, in the issue of July 12, 1951, the city offered to sell the aforementioned property, the sale being scheduled to be held before the defendants, on July 17, 1951, at 4 p.m.
The complaint contains the allegation that on July 17, 1951, Joseph C. Cassini, an attorney of this State, retained by the plaintiff to represent him in the purchase of the property, appeared at the place specified in the public advertisement for and in behalf of the plaintiff, and that the acting chairman of the Board of Commissioners of the City of Orange stated that he was now willing to sell the property *540 which had been advertised by the City of Orange for sale, and that the City of Orange had been offered the sum of $1,200 by the Fifth Ward Civic Association and asked if any one wished to bid any higher price; that thereupon Joseph C. Cassini, representing the plaintiff herein, stated publicly that he offered the sum of $1,300 for and in behalf of a citizen and taxpayer of the City of Orange (the italics are the court's). Notwithstanding the higher offer made, the Board of Commissioners of the City of Orange refused to accept the offer of $1,300 for the sale of said property unless the plaintiff agreed to use the property for the same purpose that the Fifth Ward Civic Association intended to make use of the property. That "thereafter the Board of Commissioners of the City of Orange voted illegally and unlawfully to accept the offer of $1,200 originally made for the sale of said property by the Fifth Ward Civic Association in violation of R.S. 40:60-26, Laws of 1946, Chapter 106, as well as amendments and supplements thereto." The complaint further asserts that "The said condition or provision that it was represented to the Board of Commissioners of the City of Orange, that this property was to be used as a civic center was only inserted in said public advertisement for the purpose of preventing other bidders from appearing and offering to purchase said property at the time of sale. This condition was inserted or created for the purpose of allowing only the Fifth Ward Civic Association to bid on this property." Plaintiff then proceeds to assert that he is entitled to judgment to the extent as hereinbefore indicated.
The defendants, in their answer, while admitting that Mr. Cassini appeared at the place specified in the aforesaid advertisement, deny that he was retained by the plaintiff to represent him in the purchase of the property. The defendants also admit (1) that they considered the offer made by the civic association in the sum of $1,200 for the use and maintenance by the offeror of said premises as a civic center and that the acting chairman of the board asked if there were any higher bids that any one wished to make for the *541 premises, subject to the same terms and conditions; that (2) Mr. Cassini offered $1,300 stating publicly that said premises would not be used as a civic center; that (3) there being no higher bidder than that tendered by the Fifth Ward Civic Association based on the same terms and conditions, that the defendants thereupon voted to accept the offer of $1,200 made by the association, "on the condition that said premises would be used as a civic center." The defendants denied that this "condition" was created or inserted in the advertisement for the purpose of allowing only the Fifth Ward Civic Association to bid on this property, in their answer, inter alia, indicating that these lands were sold pursuant to section (c) of R.S. 40:60-26 "wherein and whereby the defendants are given statutory leave to consider an offer made by a bidder, but are not obligated to sell the premises to the highest bidder, or to anyone else, including the original bidder * * * Neither Joseph C. Cassini nor the plaintiff herein was the highest bidder, inasmuch as there was a refusal to accept the terms and conditions imposed by the defendants * * * that said lands and premises have never been declared to be surplus or unneeded for municipal purposes by the defendants." The fourth separate defense is of the following exact tenor:
"Said lands and premises have been held by the City of Orange for a municipal purpose and the City of Orange would not sell the said lands and premises unless one or more of its purposes in retaining said lands and premises was to be accomplished by a sale and disposal. In the instant case the creation and maintenance of a civic center would accomplish one of the purposes."
The defendants in their fifth, sixth and seventh separate defenses aver that they have the power to afford protection to the health, safety, morals and general welfare of its inhabitants by the sale and disposal of land to a civic organization for use as a civic center; that in connection with its zoning power it has the right to take other steps and procedure in aid of its zoning power, including the sale and disposal of land to a civic organization for a civic purpose; that *542 this proposed sale to the civic association constituted protection to the health, safety, morals and general welfare of the inhabitants in the City of Orange, without expense to the taxpayers thereof for the maintenance of said premises. All of these affirmative allegations were denied in behalf of the plaintiff herein.
In the pretrial order there is reflected the fact that the Fifth Ward Civic Association withdrew its offer to purchase the property, and on date of August 2, 1951, the board of commissioners adopted a resolution rescinding the sale of the property to the association, and that the offer of the plaintiff was never accepted.
There is posed by the court the legal propriety of the ostensible sale by a municipal corporation inferentially on the basis that because of the purported use of the premises, the price would be less, conceivably, than would be paid by some other person or corporation under the facts here revealed. Indeed, counsel for the defendant municipality appears to recognize this difficulty since in his brief he suggests that this proceeding was ultra vires.
No New Jersey cases have come to my attention directly in point with reference to the subject matter here for consideration. With reference to the powers of municipal corporations our courts as well as textbook writers have dwelt at length on this subject. In Spaulding v. Lowell, 23 Pick. (40 Mass.) 71 (Sup. Jud. Ct. 1839), the court, speaking of municipal corporations, said:
"They can exercise no powers but those which are conferred upon them by the act by which they are constituted or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties and the accomplishment of the purposes of their association. This principle is fairly derived from the nature of corporations and the mode in which they are organized and in which their affairs must be conducted."
In Ottawa v. Carey, 108 U.S. 110, 27 L. ed 669, 2 Sup. Ct. 361 (1882), the Supreme Court of the United States, speaking through Chief Justice Waite said:
*543 "Municipal corporations are created to aid the state government in the regulation and administration of local affairs. They have only such powers of government as are expressly granted them, or such as are necessary to carry into effect those granted. No powers can be implied except such as are essential to the objects and purposes of the corporation as created and established. 1 Dill. Mun. Corp., 3rd Ed., Sec. 89 and cases there cited. To the extent of their authority they can bind the people and the property subject to their regulation and governmental control by what they do, but beyond their corporate powers their acts are of no effect."
On the same point, in 1 Dillon on Municipal Corporations, 5th ed. page 448, sec. 237 (89) it is said:
"It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation  not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existing of power is resolved by the courts against the corporation, and the power is denied."
This principle is one of universal application throughout the United States, as well as in the courts of our own State. Cf. N.J. Good Humor, Inc. v. Bradley Beach, 124 N.J.L. 162 (E. & A. 1939), at pages 164-165, and the cases therein cited. Instructive cases on the general subject matter are Mayor, etc., Elizabeth v. N.J. Turnpike Authority, 7 N.J. Super. 540, at page 545 (Ch. Div. 1950); Stothers v. Martini, 6 N.J. 560 (1951); Howard v. Mayor, etc., Paterson, 6 N.J. 373 (1951); Jersey City v. Harrison, 71 N.J.L. 69 (Sup. Ct. 1904), affirmed 72 N.J.L. 185 (E. & A. 1905).
It appears to me manifest that the action of the municipal corporation was ultra vires and an illegal exercise of municipal power and that the proceedings thereunder were a nullity. The plaintiff, however, can take no comfort from this state of affairs. From the beginning he asserted the illegality thereof although he now claims a benefit thereunder. Our own courts have held that a contract with a *544 municipal corporation which exceeds its power cannot be enforced against a municipality. Potter v. Borough of Metuchen, 108 N.J.L. 447 (Sup. Ct. 1931) and cases therein cited; Bourgeois v. Freeholders of Atlantic, 82 N.J.L. 82-91 (Sup. Ct. 1911). Similarly, a municipal corporation is not bound by an engagement which it has no power to make and the defense of ultra vires is available to it. It is without doubt the law that a contract which a public corporation has no authority to make is void. Hill Dredging Co. v. Ventnor City, 77 N.J. Eq. 467 (Ch. 1911); Fletcher v. Board of Education of Closter, 85 N.J.L. 1-3 (Sup. Ct. 1913). All that the plaintiff has lost is an illegal award. Atlantic Gas & Water Co. v. Atlantic City, 73 N.J.L. 360, at page 361 (Sup. Ct. 1906).
The testimonial record reveals the statement by the plaintiff (page 2 of the transcript) of the general authority of his counsel, Mr. Cassini, to buy property for him, apparently without limitation. Plaintiff admittedly never saw the advertisement pertaining to the sale. I am not impressed with the veracity of plaintiff's testimony with reference to such agency or to any specified authority in the instant cause. There was no disclosure of the offering bidder's name and the offer is suggestive to me of a want of agency at the time of plaintiff's purported bid.
Rule 3:81-13 gives this court discretionary power to make independent findings of fact "which power may be exercised by it to such extent as the interests of justice may require." In the instant case, the interests of justice require the exercise thereof by this court based on the testimony adduced before it. There is competent evidence before me to support the factual finding that the plaintiff is not the person in whose behalf the offer of $1,300 was made to the board of commissioners, as by reference to the complaint and transcript of testimony will more particularly appear.
The plaintiff himself is not entitled to the award. As a taxpayer, the plaintiff might have a different standing, viz., as the representative in theory of the taxpaying interest of the *545 city. However, the bid that the plaintiff is attacking is one deemed illegal, as against his own asserted bid, hence the interests of the taxpayers would not apparently be advanced by the success of such attack. Atlantic Gas & Water Co. v. Atlantic City, supra, at page 362. Based on the allegations contained in the complaint and on the testimony had before me, I conclude that the plaintiff has no standing to institute these proceedings.
The resolution here the subject matter of attack was rescinded before the matter came on for determination before this court. The issue raised in this proceeding is now moot. Ordinarily, a determination would be unnecessary. However, in view of the importance of the controversy here existing the interests of justice require disposition thereof on the merits. Vide Brown v. Terhune, 127 N.J.L. 554-556 (E. & A. 1942); Risko v. Risko, 138 N.J. Eq. 224 (E. & A. 1946); Reitemeyer v. Reitemeyer, 137 N.J. Eq. 174 (E. & A. 1945); DeMuro v. Janeczek, 4 N.J. Super. 270 (App. Div. 1949).
For the reasons herein stated there will be judgment in favor of the defendants and against the plaintiff, but without costs.
Submit order accordingly.