24 N.J. Super. 187 (1952)
94 A.2d 210
JAMES PETROZELLO, PLAINTIFF-APPELLANT,
v.
WILLIAM HOWE DAVIS, WALTER B. SAVAGE, ET ALS., CONSTITUTING THE BOARD OF COMMISSIONERS OF THE CITY OF ORANGE, NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1952.
Decided December 24, 1952.
*188 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Joseph C. Cassini argued the cause for plaintiff-appellant.
Mr. Edmond J. Dwyer argued the cause for defendants-respondents.
PER CURIAM.
Plaintiff appeals from a judgment entered by the Law Division, 19 N.J. Super. 537, in favor of defendants in a proceeding in lieu of prerogative writ brought to compel the Board of Commissioners of the City of Orange to accept a bid allegedly made in his behalf for certain property offered for sale by the city.
*189 The sale was held pursuant to the provisions of N.J.S.A. 40:60-26 (c). The city had received a written offer of $1,200 from the Fifth Ward Civic Association for the property in question. The board of commissioners preliminarily approved the offer and gave the required public notice of the meeting at which the offer would be considered. The notice stated, among other things, that the association had represented to the board of commissioners that it would use the property, if acquired, as a civic center.
The notice of the sale was read at the stated meeting of the governing body and announcement made that the purchaser would have to use the premises as a civic center. The bidding then began and Mr. Cassini, plaintiff's present attorney, made a bid of $1,300. He expressly refused, however, to be bound by the condition imposed as to the use of the land, contending that the condition was illegal. He also refused to disclose the identity of his principal, if any. The board of commissioners thereupon accepted the original $1,200 offer of the association and adopted a resolution to that effect. Plaintiff at once instituted this proceeding in lieu of mandamus and obtained an order restraining the board from consummating the sale of the property. The association then withdrew its offer. The governing body subsequently, and before trial and judgment, adopted a resolution rescinding the sale.
In entering judgment for defendants the Law Division held that: (1) plaintiff had no standing to sue, either individually or as a taxpayer, because the offer of $1,300 was not made in his behalf and he was therefore not entitled to have it accepted; (2) the action of the board of commissioners in adopting the resolution accepting the association's bid was ultra vires and void; and (3) in any event, the issue of the validity of the sale was moot in view of the resolution rescinding the prior action of the governing body in accepting that bid.
In bringing this appeal, plaintiff has failed to challenge the correctness or propriety of the Law Division's finding of *190 fact that the $1,300 bid was not made in his behalf and he therefore had no standing to sue. Plaintiff did not include that issue in his statement of the questions involved on the appeal and did not argue the point in his brief. This is dispositive of the appeal. Rules 1:3-2(c) and 4:3-1; Shade v. Colgate, 4 N.J. Super. 356 (App. Div. 1949); Gibson v. Pennsylvania R. Co., 14 N.J. Super. 425 (App. Div. 1951).
Although in no way called upon to do so, we have reviewed the record and are in accord with the unchallenged finding of the Law Division.
It is unnecessary to consider plaintiff's argument that there was, in fact, no legal condition imposed in connection with the sale.
Judgment affirmed.