36 N.J. Super. 469 (1955)
116 A.2d 526
ESCROW, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BOROUGH OF HAWORTH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, IN THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, AND THE DEPARTMENT OF MISSIONS OF THE PROTESTANT EPISCOPAL CHURCH IN THE DIOCESE OF NEWARK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 1, 1955.
Decided August 18, 1955.
*470 Before Judges HUGHES, HETFIELD and MARIANO.
*471 Mr. William S. Grimaldi argued the cause for plaintiff-appellant (Mr. Carmine Grimaldi, attorney).
Mr. Frank H. Hennessy argued the cause for the defendant-respondents Borough of Haworth and The Department of Missions of the Protestant Episcopal Church in the Diocese of Newark.
Mr. John C. Garde, attorney for the defendant-respondent, The Department of Missions of the Protestant Episcopal Church in the Diocese of Newark.
The opinion of the court was delivered by HETFIELD, J.S.C. (temporarily assigned).
This is an action in lieu of prerogative writ to compel the defendant-respondent municipality, Borough of Haworth, to sell certain lands of the municipality to the plaintiff-appellant, Escrow, Inc., a corporation of the State of New Jersey, rather than to the co-defendant-respondent, the Department of Missions of the Protestant Episcopal Church in the Diocese of Newark (hereinafter called the "Church"). The complaint was dismissed in the court below on the ground that it failed to state a cause of action. The plaintiff appeals from the summary judgment of dismissal.
Pursuant to N.J.S.A. 40:60-26(c), the Church made an offer of $9,000 to the municipality for the land in question, and one of the terms of said offer was that the deed be restricted "for church use only," which included the right to construct a rectory and a parish house. The municipality made the publication required by the statute, naming a time and place for hearing any church offering a higher price or better terms. The said notice in addition to the said restriction as to use also contained the following condition: "All bids shall be made by an established church or a duly authorized representative thereof."
The plaintiff appeared at the noticed hearing by its attorney and offered $10,000 for the same lands on the same terms as the church, but its bid was rejected on the ground that the *472 plaintiff was not an established church and thus not qualified to bid. Although not a church, the plaintiff was willing to accept a deed restricting the use of the lands for church purposes and is making no attack on the restriction relative to the use of the lands. However, the plaintiff contends that the restriction of bidders to established churches was invalid and that its bid for a higher price should have been accepted by the municipality.
The sale by the municipality to the Church was carried out under N.J.S.A. 40:60-26(c), which provides as follows:
"(c) In place of the above methods the governing body of any municipality may sell any such properties at private sale, as follows: Upon any offer being made by any person to the municipality to purchase any such property, the said offer shall be submitted to and considered by the governing body thereof at a regular or special meeting, and said governing body may then reject said offer, or may approve the same subject to final approval at a further public meeting of said governing body not less than ten days after said first meeting. Notice of the said further meeting of the governing body, containing said offer of purchase with a description of the land to be sold, the price thereof and the terms and conditions of said sale, shall be published at least once in a newspaper circulating in said municipality not less than two days nor more than ten days before said further meeting; and at said further meeting the said offer to purchase said property shall be considered by the governing body, which may then reject the same, or may confirm and ratify said sale under said terms and conditions, or a modification thereof; provided, that no higher price or better terms shall then be bid for said property by any other person, in which case the sale is to be made to the highest bidder; and said governing body may then authorize the proper officers thereof either to execute a formal agreement of sale with the purchaser which shall be binding upon said municipality and upon the purchaser, or may authorize the proper officers to make a deed of conveyance to said purchaser, as the case may require."
It should be noted that the said statute states "* * * provided, that no higher price or better terms shall then be bid for said property by any other person, in which case the sale is to be made to the highest bidder * * *." Obviously, the sale under the statute was intended to be conducted on the basis of competitive bidding. No person offering a higher price or better terms can be deprived of the right to bid. *473 "Any other person" cannot mean any other established church as contended by the municipality.
To support their contention, the defendants-respondents rely primarily upon that portion of the last paragraph of N.J.S.A. 40:60-26, which reads as follows:
"* * * The governing body may also impose any restrictions on the use to be made of such land and any conditions of sale as to buildings or structures to be erected thereon, or as to the type, size, or other specifications of such buildings or structures, or as to demolition, repair, or reconstruction of buildings or structures, and the time within which such conditions shall commence or be concluded, or any other conditions of sale in the manner and to the same extent as any other vendor of real estate, whether such sale shall be made at public or private sale; provided, however, that any conditions for the payment of the consideration upon credit and the restrictions on the use to be made of the land and the conditions of sale shall be set forth at length in any advertisement of sale hereinabove required. * * *"
As this portion of the statute permits the municipality to place restrictions on the use of the land it sells, the defendants contend that the use may be restricted to church purposes and since only an established church is qualified to put the land to this restricted use, the municipality has the right under the statute to consider only offers from established churches. However, the restriction to church use appears to be one of the terms of the offer made by the church, and not a restriction imposed by the municipality under this paragraph of the statute. The plaintiff was willing to accept the terms as to the use of the land, perhaps because it wished to make a donation of the land to its favorite church or perhaps it hoped to find some church that would buy the land from it at a profit or even a church to which it might lease the premises. The municipality was not justified in assuming that only an established church could meet this offer.
The statute does not give the municipality the right to deal with real estate absolutely as a private vendor and make any conditions or restrictions as to those who might bid and those who could not bid.
*474 "The basic philosophy of our statutes respecting municipal contractual action is that economy must be secured, extravagance forbidden, and opportunities of fraud or favoritism suppressed." Juice Bar Corp. v. Township Committee of the Township of Neptune, etc., and Edward Schwartz and Sydelle Holding Co. v. Township of Neptune, etc., 36 N.J. Super. 164-168 (App. Div. 1955).
Waszen v. City of Atlantic City, 1 N.J. 272, 283 (1949); Tice v. Commissioners of City of Long Branch, 98 N.J.L. 214 (E. & A. 1922); Rankin v. Board of Education of Egg Harbor Twp., 135 N.J.L. 299 (E. & A. 1947); Shore Gas & Oil Co. v. Spring Lake Borough, 27 N.J. Super. 33, 37 (App. Div. 1953).
The action of the municipality in publishing the notice limiting potential bidders to established churches was not authorized by N.J.S.A. 40:60-26(c) and was ultra vires as an illegal exercise of municipal power. The proceedings under said statute, therefore, were a nullity and will be set aside.
Although the plaintiff is legally privileged to attack the validity of the sale to the Church as it was barred from bidding by the municipality, it cannot take advantage of the invalidity of said proceedings. The notice being invalid, there has been no compliance with the governing statute and there can be no sale to any one. The plaintiff's contention that its bid of $10,000 should be accepted by the municipality is without merit as the whole proceeding is void ab initio and the plaintiff cannot profit thereby.
In the Juice Bar Corp. case, supra, the court found that the plaintiffs were entitled to prosecute their action attacking the validity of the sale by the municipality because they were arbitrarily and unjustifiably deprived of their personal or property right to bid at the sale.
However, in the case of Petrozello v. Davis, 19 N.J. Super. 537, at page 543 (Law Div. 1952), affirmed 24 N.J. Super. 187 (App. Div. 1952), the court stated:
"It appears to me manifest that the action of the municipal corporation was ultra vires and an illegal exercise of municipal power and that the proceedings thereunder were a nullity. The plaintiff however, *475 can take no comfort from this state of affairs. From the beginning he asserted the illegality thereof although he now claims a benefit thereunder. Our own courts have held that a contract with a municipal corporation which exceeds its power cannot be enforced against a municipality."
The judgment under review is reversed as the provision in the notice limiting potential bidders to churches invalidated the proceedings under N.J.S.A. 40:60-26(c). The sale by the municipality to the Church will be set aside, giving the plaintiff an opportunity to compete with the Church at any subsequent sale in the manner provided in the statute.