IRVING SMITH, PLAINTIFF, v. BOROUGH OF NORTHVALE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, IN THE COUNTY OF BERGEN AND STATE OF NEW JERSEY; NICHOLAS DE LAURA; EARL GUGGER; CARMINE FIRENZE; FREDERICK ALBELLI; ELMO BODRATO AND NICHOLAS PAGLIERI, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 9, 1957.

*Mr. William S. Grimaldi,* attorney for plaintiff.

*Mr. Jacob Schneider,* attorney for defendants.

GRIMSHAW, J. S. C.   On May 10, 1956 the governing body of the Borough of Northvale, purportedly acting under the provisions of *N. J. S. A.* 40:60–26(a), authorized the sale of the property in controversy.  The conditions of sale contained, among others, the following provisions:

"1. That the said property will be sold for not less than the amount set forth in the resolution and advertisement of sale.

\*     \*     \*     \*     \*     \*     \*     \*

12. All sales shall be subject to confirmation by the Mayor and Council of Northvale, who reserve the right to accept or reject any or part of the bids for said property.

13. The property described in this resolution shall be restricted to use for educational purposes only.  The purchaser shall be required to commence construction of a building for the education of children within two (2) years or the property shall revert to the municipality.

It is deemed for the best interests of the municipality that the erection of private or parochial schools on this property is a benefit to the welfare of the community."

Additionally, a minimum price of $1,000 was set.

On June 14, 1956 the plaintiff, through his agent, offered $2,000 for the land.  That offer was the highest received at the sale.  Thereafter the borough council rejected all bids as not being in the best interests of the Borough of Northvale.

The plaintiff then commenced this action, seeking a judgment compelling the borough to convey the land to him.  The borough resisted, charging that the sale was void since there was a minimum price set as well as a provision reserving to the borough the right to reject all bids.

The section of the statute affecting this controversy is as follows:

*N. J. S. A.* 40:60–26:

"The governing body of any municipality may sell any lands or buildings or any right or interest therein not needed for public use. All such sales or disposition \*   \*   \*   shall be authorized to be made by one of the following methods:

(a) By public sale to the highest bidder after public advertisement thereof in a newspaper circulating in a municipality in which the lands are situated by two insertions at least once a week during two consecutive weeks, the last publication to be not more than seven days prior to the sale. In the case of public sales the governing body of any municipality may by resolution fix a minimum price to be included in the advertisement of sale of lands and public notice thereof given at the time of sale, or may by resolution provide that upon the completion of the public sale, the highest bid made thereat shall be subject to acceptance or rejection by the governing body, but the acceptance or rejection thereof shall be made not later than at the second regular meeting of the governing body following the sale, and, that if the governing body shall fail or refuse to accept or reject any such highest bid, as aforesaid, the said bid shall be deemed to have been rejected. Such sales may be adjourned at the time advertised for not more than one week without readvertising."

When selling lands in accordance with the provisions of the above statute, a municipality may either set a minimum price or reserve the right to reject all bids. It may not do both. In attempting to set a minimum price, while at the same time reserving the right to reject all bids, the Borough of Northvale, in my opinion, acted without statutory authority and the sale was void.

The plaintiff, while conceding that the municipality could not set a minimum price and at the same time reserve the right to reject bids, argues that as the highest bidder he is entitled to the benefits of the sale.

The contention is without merit. If, as I am satisfied, the sale was a nullity, the plaintiff may derive no benefit from it. *Escrow, Inc., v. Borough of Haworth,* 36 *N. J. Super.* 469 (*App. Div.* 1955); *Petrozello v. Davis,* 19 *N. J. Super.* 537 (*Law Div.* 1952), affirmed 24 *N. J. Super.* 187 (*App. Div.* 1952).

If, on the other hand, the sale was good, as plaintiff contends, then the rejection of bids would be good also, and the plaintiff would still be without a cause of action.

Judgment for the defendant municipality.