50 N.J. Super. 192 (1958)
141 A.2d 553
SIMON LIEBERMAN, T/A SILCO BUILDERS, PLAINTIFF-RESPONDENT, HERMAN G. SHAPIRO, INTERVENER-RESPONDENT,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF NEPTUNE, TOWNSHIP OF NEPTUNE, A MUNICIPAL CORPORATION, JOHN W. KNOX, CLERK OF THE TOWNSHIP OF NEPTUNE AND SHARK RIVER HILLS ESTATES, INC., A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1958.
Decided May 16, 1958.
*195 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Robert V. Carton argued the cause for defendant-appellant, Shark River Hills Estates, Inc. (Messrs. Durand, Ivins & Carton, attorneys).
Mr. Bernard D. Karasic argued the cause for plaintiff-respondent and intervener-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
Shark River Hills Estates, Inc. (hereinafter referred to as "Shark River") appeals from a final *196 judgment entered in the Superior Court, Law Division, in favor of the plaintiff Lieberman and the intervener Shapiro, declaring void a sale of lands made by the Township of Neptune to Shark River at a public sale on March 19, 1957, and ordering that the lands be reconveyed to the Township of Neptune. The township does not appeal and the plaintiff and intervener have submitted a joint brief.
The essential facts are not in dispute. The township advertised that a number of lots it owned, no longer needed for public use, would be sold in bulk at public sale, subject to certain terms and conditions: inter alia, that the minimum sale price was $21,500; that each bidder was required to deposit $4,300 by certified check with the township clerk at least three days prior to the date of the sale, to be forfeited as liquidated damages should the depositor be the highest bidder and fail to consummate the sale; and the township committee reserved the right to reject any or all bids.
The sale was held as advertised and the property struck off and sold to Shark River for $22,750, the sale being confirmed by the township committee at an evening meeting on the same day. Plaintiff contends that the sale is invalid because the conditions as to qualification to bid and permitting rejection of all bids are illegal.
The testimony discloses that Lieberman, with Bernard D. Karasic, his attorney, attended the sale as advertised. At the commencement of the bidding Karasic had in his possession $4,300 in cash. On behalf of the plaintiff, he stated to the township clerk, who was conducting the sale, that he was tendering the $4,300 as a deposit on bids he was making on behalf of Littlecraft and Silco Builders, trade names used by Lieberman. He put the money on the clerk's desk and the latter refused to accept it as being too late. Before the property was eventually struck off to Shark River on a bid of $22,750, Karasic addressed the clerk and made a bid of $25,000, which the clerk ignored. Lieberman testified that he had not seen the notice of the advertised sale, but heard about the sale the day before it was to be held.
On March 26, 1957 plaintiff filed the present complaint *197 in an action in lieu of prerogative writs. On the same day a temporary restraint was issued to enjoin the actual conveyance of the lands to Shark River, but the restraint was vacated upon discovery that the conveyance had already been executed and delivered. Both parties made application for summary judgment and both applications were denied. On May 2, 1957, more than 30 days after the sale was confirmed by the township committee, Shapiro, a taxpayer of the township, moved for leave to intervene to assert the same objection to the sale which plaintiff had raised. (The amendment to R.R. 4:88-15, extending from 30 to 45 days the time within which such proceedings for review must be commenced was not effective until September 4, 1957.) On July 25, 1957, by order, Shapiro's application to intervene was granted, as well as leave to file an amended complaint.
At the conclusion of the trial, the trial judge stated his determinations as follows: (1) that Lieberman had sufficient interest and standing to prosecute the instant suit inasmuch as he was arbitrarily deprived of his right to submit a bid; (2) that Shapiro had a right to intervene as a taxpayer and was not barred by the provisions of R.R. 4:88-15 as he is regarded as a proper but not an indispensable party to the action; (3) that the requirement of a $4,300 deposit three days before the sale was unauthorized by statute, was unreasonable, and constituted an invalid restriction upon the sale; and (4) the township had no right to fix as conditions for the same sale both a minimum price and a reservation of the right to reject any and all bids.
Defendant argues that Lieberman, not being a taxpayer of Neptune Township but only an unsuccessful bidder at the sale, cannot challenge the sale. The rule is well established that an unsuccessful bidder has no standing to attack a sale in which he took part. McGovern v. Trenton, 60 N.J.L. 402 (Sup. Ct. 1897); Waszen v. City of Atlantic City, 1 N.J. 272, 276 (1949); Camden Plaza Parking v. City of Camden, 16 N.J. 150, 158-159 (1954). The rationale of the rule is that one cannot, after endeavoring to take advantage of a contract involving illegalities, seek *198 to have the contract set aside when unsuccessful in bidding. Waszen v. City of Atlantic City, supra (1 N.J., at page 276). Lieberman, however, is not suing as an unsuccessful bidder but as one who was precluded from bidding  prevented from participating in the sale. Where the plaintiff is arbitrarily and unreasonably deprived of his right to bid at a public sale, he has standing to maintain an action to challenge the sale to another bidder. Juice Bar Corp. v. Township Committee of Neptune Tp., 36 N.J. Super. 164, 171 (App. Div. 1955); Escrow, Inc. v. Borough of Haworth, 36 N.J. Super. 469, 474 (App. Div. 1955). The determination of Lieberman's standing must therefore depend upon whether or not the condition by which he was barred, his failure to deposit $4,300 at least three days prior to the date fixed for the sale, was proper and valid.
The pertinent portion of N.J.S.A. 40:60-26 is as follows:
"* * * The governing body may also impose any restrictions on the use to be made of such land and any conditions of sale as to buildings or structures to be erected thereon, or as to the type, size, or other specifications of such buildings or structures, or as to demolition, repair, or reconstruction of buildings or structures, and the time within which such conditions shall commence or be concluded, or any other conditions of sale in the manner and to the same extent as any other vendor of real estate, whether such sale shall be made at public or private sale; * * *"
The statutory language does not permit municipalities to deal with its real estate absolutely and without limit, as private vendors, and to impose whatever conditions or restrictions they may wish upon potential bidders. Escrow v. Borough of Haworth, supra, 36 N.J. Super. at page 473. The municipal action is always subject to scrutiny to insure that the conditions and restrictions imposed be reasonable and consistent with the public policy underlying the statute to prevent favoritism and assure uniform conditions for bidding and the best deal for the benefit of all the taxpayers of the municipality. Case v. Trenton, 76 N.J.L. 696, 699 (E. & A. 1908); Juice Bar Corp. v. Township Committee of Neptune Tp., supra, 36 N.J. Super. at pages 170, 171; *199 Escrow v. Borough of Haworth, supra; Summer Cottagers Ass'n of Cape May v. Cape May, 34 N.J. Super. 67, 78 (Law Div. 1954); Samuel v. Wildwood, 47 N.J. Super. 162, 169 (Ch. Div. 1957). The statutory restrictions and conditions in the sale of municipal property relate to credit where the lands are not sold entirely for cash, and to the use of the lands sold. N.J.S.A. 40:60-26.
Appellant argues that the requirement of a deposit of $4,300 to be made three days prior to the sale was a reasonable condition. The requirement of a deposit, in and of itself, is customary and reasonable in any kind of sale. In the sale of municipal property, the requirement of a deposit is unobjectionable where each prospective bidder has the same opportunity to qualify by a standard common to all bidders. However, the requirement that the deposit be made at least three days prior to the sale is not only not within the statutory authority, but it has no relation to a reasonable assurance to the governing body concerning the responsibility of the bidder in regard to performance. Such a condition is only calculated to reduce the number of possible bidders at a sale and favor those who might see the advertisement of sale or become advised as to the sale by municipal officials. This is not conducive to the statutory aim of realizing the highest possible price for the property to be sold. Applying the three-day condition to the instant matter, it denied a person, otherwise entitled to bid, the right to bid if he saw the notice or heard of the sale less than three days prior to the advertised date of sale. The required public notice is to make reasonably certain that all those who might be interested in bidding for the property are informed of the sale. Juice Bar Corp. v. Township Committee of Neptune Tp., supra, 36 N.J. Super. at pages 167, 168; 10 McQuillin, Municipal Corporations (3d ed.), § 29.52, p. 308. The requirement for public notice of sale and the assurance of financial responsibility of the bidder would have been adequately met had the notice of sale required that the deposit be made at any time prior to the sale. To be distinguished is the situation where a *200 condition of sale pertains to the performance of work by the bidder after an award where it is reasonable for the municipality to require evidence of financial responsibility sufficiently in advance of the award to enable the municipality to investigate the capacity of the bidders.
We conclude that the condition requiring the deposit to be made at least three days prior to the sale was illegal and it deprived Lieberman of the opportunity to bid for the property being sold. He therefore had standing to prosecute this action.
The plaintiff Shapiro also had standing pursuant to his intervention by reason of R.R. 4:37-3, notwithstanding that the intervention came more than 30 days after the sale. The defendants' contention that he is barred by R.R. 4:88-15 misconceives the effect of permissive intervention. The "timely application" referred to in the rule deals with the problem of the relationship of the application to the convenience of the court and the parties, and not to any period of limitations.
An additional argument advanced by the plaintiffs for invalidating the sale is that the municipality was without authority under N.J.S.A. 40:60-26, prior to the 1957 amendment (L. 1957, c. 86, § 1), both to set a minimum price to be realized at the sale and at the same time reserve the right to reject any and all bids. However, under the rule of the Waszen case, supra, this objection is not open to plaintiff Lieberman, as he was satisfied to bid notwithstanding that condition. The intervener, however, as a taxpayer may raise this objection. We are of the opinion that under the statute in effect at the time of this sale, the municipality did exceed its authority in laying down these simultaneous conditions of sale. Smith v. Northvale, 43 N.J. Super. 259 (Ch. Div. 1957). In any case, the matter is academic in view of our holding as to the illegality of the three-day advance deposit requirement, requiring the sale to be set aside. We observe, also, that under N.J.S.A. 40:60-26, as amended, the authority to impose such concurrent conditions now exists.
Affirmed.